# Commonwealth *v.* Sayars, Appellant.

*Criminal law—Evidence as to good character—Contradictions in charge.*

A conviction in a criminal case will be reversed where the court charges that " good character should be considered in a doubtful case, or in a case where, after summing up all the testimony carefully, the jury are in an equilibrium or almost balanced," although the court affirms a point to the effect that " evidence of good reputation is substantive evidence, and may of itself raise a reasonable doubt of the defendant's guilt."

*Criminal law—Evidence—Testimony of accomplice.*

Although the uncorroborated testimony of an accomplice should be received with caution, yet there is no rule of law forbidding a conviction upon his evidence alone.

Argued May 7, 1902. Appeals, Nos. 121 and 122, April T., 1902, by defendant, from judgment of Q. S. Allegheny Co., Nos. 209 and 210, Dec. T., 1901, on verdict of guilty in case of Commonwealth v. R. K. Sayars and Fred T. Newland. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Indictment for fraudulently making and altering a written instrument.

The court charged in part as follows:

Good character should be considered in a doubtful case, or in a case where, after summing up all the testimony carefully, the jury are in an equilibrium or almost balanced; the testimony of good character, if that testimony is considered good and satisfactory to the jury, because it is for the jury to say whether the testimony comes up to that of good character, whether it is in the knowledge of the witnesses with whom he associated, whether the witnesses had a close personal relation in the sense that they were of his associates or closely related to him in the community, knowing him well,—good character is substantive and should be considered.

[If you have no doubt as to his testimony, it is not absolutely essential that his story should be corroborated. Then you reach the question : Is there corroboration ? And if there is, tending to fasten the crime on his alleged confederate, Sayars, does his

own testimony, plus the bits of corroboration, does that bring the measure of the testimony up to the guilt of Sayars beyond a reasonable doubt?]

Defendant presented this point:

2. Evidence of good reputation is substantive evidence, and may of itself raise a reasonable doubt of the defendant's guilt. *Answer :* That point is affirmed.   I have read to you upon that subject a quotation from our Supreme Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (4–6) above instructions, quoting them.

*J. Marron,* of *Marron & McGirr,* for appellant.—The portion of the charge quoted in the assignment clearly limited the value of good character to " doubtful cases or in a case where, after summing up all the testimony carefully, the jury are in an equilibrium or almost balanced."   Evidence of good character is substantive evidence not in doubtful cases nor a make-weight to determine the balance in doubtful cases, but evidence in all cases and may of itself, in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury and produce an acquittal: Heine v. Com., 91 Pa. 145 ; Hanney v. Com., 116 Pa. 322.

This error was not cured by reading the opinion of the Supreme Court in Hanney v. Com., 116 Pa. 322, Com. v. Gerade, 145 Pa. 289, and Rice v. Com., 100 Pa. 28.

Some fact should be proved by testimony independent of the accomplice, which, taken by itself, leads to the inference not only that a crime has been committed, but that the prisoner is implicated in it.   To prove that the accomplice had told the truth in relation to irrelevant and immaterial matters, which were known to everybody, would not have any tendency to confirm his testimony involving the guilt of the party on trial : Watson v. Com., 95 Pa. 418.

*J. R. MacFarlane,* of *Smith & MacFarlane,* with him *John C. Haymaker,* district attorney, for appellee.—The whole charge must be taken together and cannot be assigned for inaccuracies in detached sentences : Irvin v. Kutruff, 152 Pa. 609 ;

Houston v. Cook, 153 Pa. 43 ; Commonwealth v. Zappe, 153 Pa. 498 ; Alexander v. Commonwealth, 105 Pa. 1 ; Sheaffer v. Sensenig, 182 Pa. 634.

The charge of the court upon the question of corroboration is amply supported by the case quoted (Cox v. Commonwealth, 125 Pa. 94), and by the recent decision of this court in Commonwealth v. Craig, 19 Pa. Superior Ct. 18.

Opinion by Orlady, J., July 10, 1902:

The defendant was indicted with Fred T. Newland under two indictments, charging them with fraudulently making written instruments and fraudulently altering written instruments. On the trial, Newland pleaded nolle contendere, and was the principal witness of the commonwealth on the trial of Sayars, who was found guilty under both indictments. Counsel for defendant presented a point as follows : " Second. Evidence of good reputation is substantive evidence, and may of itself raise a reasonable doubt of the defendant's guilt," which was answered, " That point is affirmed. I have read to you on that subject a quotation from our Supreme Court." In the charge to the jury the court said : " Good character has its weight in reaching a result, and upon the question of good character, it is something more than of a day or a week or a month ; it is something that comes to a man ; something that he has obtained through years in the community. Good character should be considered in a doubtful case, or in a case where after summing up all the testimony carefully the jury are in an equilibrium or almost balanced. The testimony of good character, if that testimony is considered good and satisfactory to the jury—because it is for the jury to say whether the testimony comes up to evidence of good character, whether it is in the knowledge of the witnesses with whom he associated, whether the witnesses had a close personal relation in the sense that they were of his associates or closely related to him in the community, knowing him well—good character is substantive and should be considered." In this connection the trial judge read to the jury from Hanney v. Commonwealth, 116 Pa. 322, in which the Supreme Court says : " Evidence of good character is substantive and must be treated as such ; that it is not a mere makeweight to be thrown

in to determine the balance in a doubtful case, but that it may, of itself, by the creation of a reasonable doubt, produce an acquittal. It is only, says the learned judge, where the commonwealth has made out but a weak case, though possibly sufficient for conviction, that good character becomes an available force, thus repeating the very error made in the case cited; for a weak case on the part of the prosecution is a doubtful case, and, without evidence of any kind on the part of the defense, the jury ought to acquit. To say that proof of character is only available under such circumstances, is to say that it is of no substantial account whatever. It is very true that where the commonwealth has clearly and indubitably established the defendant's guilt, good character is of no avail, but, in such event, the same may be said of any other evidence, however positive, which the defendant may have given; nevertheless, to say to the jury, even in the case supposed, that the evidence of the defense is to be disregarded would clearly be error, for of the evidence and its weight, the jury are the sole judges. Character is of importance in this: it may, of itself, in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury, and so produce an acquittal. An honest man may, through malice or otherwise, be charged with crime, and his life or liberty be endangered by fallacious circumstances or perjury, and he may be able to produce no evidence to prove his innocence except his own oath; and if, in such case, a blameless life and unstained character are of no avail—are a mere makeweight in a doubtful case—his condition is a sad one. But fortunately for the upright man, so situated, we have got beyond all doubt on this subject, and have firmly established the doctrine that evidence of good character is to be regarded as a substantive fact, like any other, tending to establish the defendant's innocence, and ought to be so regarded both by court and jury." It has been held that where a portion of a charge, if taken by itself, might be exceptionable, it may be deemed free from error because of the context (Alexander v. Commonwealth, 105 Pa. 1), but the contention here is that it is not because the charge is one-sided and inadequate or biased, but that it is misleading and contradictory, that it presents to the jury as a legal definition of good character two antagonistic

and inconsistent statements as to the effect to be given to good character by the jury in its deliberation.

In Commonwealth v. Cleary, 135 Pa. 64, the Supreme Court says : " The trial judge said, good character is always of importance and is evidence to be duly considered by the jury, and it may turn the scale where there is a reasonable doubt as to the degree or grade of the crime. This is all the charge contains upon this subject; there was no point put to the court in regard to it." This was the single error on which the judgment of the court below was reversed on the authority of Heine v. The Commonwealth, 91 Pa. 145, supra; and, in distinguishing Kilpatrick v. The Commonwealth, 31 Pa. 198, from the cases cited, the Supreme Court adds : " There is nothing in the charge of the court below from which the jury could fairly infer that the evidence of good character might create the reasonable doubt which entitles the prisoner to a safe deliverance. It is true that the difference in phraseology in the two cases is apparently slight. There is, however, a real and substantial difference ; and, where a man's life may depend upon a single word, the use of language cannot be attended with too much care."

It is perhaps difficult to determine which instruction the jury accepted as the law. It is apparent that they are contradictory, and the liberty of a citizen should not be imperiled by repugnant statements of the effect to be given to good character by a jury, which were highly important in this case, since the commonwealth relied almost exclusively on the testimony of an accomplice who had pleaded guilty to the same indictments, and whose corroboration was very doubtful. The points submitted required a careful and accurate answer where particular instructions are not asked for, and the complaint is that the charge was inadequate or one-sided, the court will be reviewed on the general effect of the charge, and not upon sentences or paragraphs disconnected from the context which qualifies and explains them. If, as a whole, the charge was calculated to mislead, there is error in the record : McNeile v. Cridland, 6 Pa. Superior Ct. 428 ; Blank v. Barnhart, 17 Pa. Superior Ct. 214.

Taking the charge as a whole, the effect to be given to good character by the jury invited a controversy as to which view

stated by the court should be adopted.  Detached, the part as quoted in the fourth assignment of error was manifestly wrong, while the subsequent quotation from Hanney v. The Commonwealth, supra, was the declared law of the state.  This confusion and uncertainty should not exist in either the civil or criminal courts.  The essential idea of a charge is that it is an authoritative as well as a clear and explicit exposition of the law which the jury are bound by their oath and moral obligations to obey.  With two measures of proof before them, one substantially correct and the other erroneous, how is it possible for us to determine which the jury adopted?  It is enough to know that the jury may have been misled by erroneous instructions on a point vital to the defense : Commonwealth v. Gerade, 145 Pa. 289.  The fourth assignment of error is sustained.

The effect to be given to the testimony of Newland was for the jury under adequate instructions.  It is well settled in Pennsylvania that although the uncorroborated testimony of an accomplice should be received with caution, yet there is no rule of law forbidding a conviction upon his evidence alone : Commonwealth v. Craig, 19 Pa. Superior Ct. 81 ; citing Carroll v. Commonwealth, 84 Pa. 107, Kilrow v. Commonwealth, 89 Pa. 480, Ettinger v. Commonwealth, 98 Pa. 338, and Cox v. Commonwealth, 125 Pa. 94.  The last case was the one from which the trial judge quoted freely as to the effect to be given to the testimony of Newland.

For the error above noted, judgment is reversed and a new trial awarded.