## Commonwealth *v.* Howe, Appellant.

*Criminal law—Good reputation—Reasonable doubt.*

In charging the jury in a criminal case as to the defendant's previous good character, it is reversible error for the court to instruct the jury as follows: "What its weight shall be, what effect it shall have, is wholly for you.  As I have tried to suggest to you just now there are cases in which the proof of good character would be sufficient, in itself, to create a reasonable doubt.  Where there is positive evidence of guilt, of a character that doesn't admit of a reasonable doubt, then, of course, proof of previous good reputation, no matter how well established, would not be sufficient to raise the doubt."

Argued Oct. 6, 1908.  Appeal, No. 11, March T., 1909, by defendant, from judgment of O. & T. Lackawanna Co., Oct. T., 1907, No. 19, on verdict of guilty in case of Commonwealth v. Carl Howe.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.  Reversed.

Indictment for statutory rape.  Before NEWCOMB, J.

At the trial the jury returned a verdict of guilty, upon which the court sentenced the prisoner to pay a fine of $500 and costs, and to undergo an imprisonment of twelve years in the penitentiary.

*Errors assigned* were (20, 22) portions of charge, quoted in opinion of the Superior Court.

*R. H. Holgate,* with him *Taylor & Lewis,* for appellant.

*Joseph O'Brien,* with him *Clarence Ballentine,* for appellee.

OPINION BY HEAD, J., February 26, 1909:

The record now before us presents thirty-two assignments of

error.  We find no good reason for any discussion of most of them.  This does not arise from either haste or indifference on the part of the court; for, if we needed any spur to our general obligation to examine every case with care, we would find it in the unusual character of this case and the extent of the sentence imposed on the defendant.  Suffice it to say that many of the assignments bring into this court no record on which a judgment of reversal could properly rest, and are flat violations of the rules governing the hearing and disposition of appeals in the Supreme Court and this court.  Most of the remaining assignments were substantially disposed of when this case was here before: Com. v. Howe, 35 Pa. Superior Ct. 554.  Where repetition is useless, it is worse than useless.

The principal witness for the commonwealth testified that meetings, for illicit purposes, between herself and the defendant had occurred frequently during a considerable period of time.  She undertook to fix the particular dates of three of such meetings, and claimed to be able to do this because of the relation of those meetings, in point of time, to certain other events in her life the dates of which could be or were fixed, i. e., her birthday, etc.  The defendant attacked this testimony as to every one of the dates fixed.  If his witnesses were credible his attack was not without force.  The learned judge, in his charge on this branch of the case, concluded by saying to the jury: "It may be that the conflict as to dates can be harmonized and the fact of the unlawful meetings be found in favor of the commonwealth."

The twentieth assignment complains of this language because, it is argued, it minimizes the effect of a successful contradiction of the chief witness for the commonwealth as to matters which, if not controlling, were surely not unimportant.  Conceding that the learned trial judge was correct in saying that the occurrences themselves were more important than the dates, yet, it is urged, a complete contradiction of the witness as to the dates ought, to some extent, to weaken the force of her testimony as to the facts, and the court should have so told the jury.

In the trial of a lengthy case where the testimony is volumi-

nous, it is scarcely practicable for the trial judge, in his charge, to cover every possible inference that might properly be drawn by the jury from the evidence. After an attentive examination of the charge in its entirety we are of the opinion this assignment discloses no sufficient ground for reversal. Inasmuch as the case must go back for retrial, we have thought proper to particularly advert to this assignment to the end that the question raised by' it may not again furnish any ground for contention.

The defendant offered evidence to establish his previous good reputation. In instructing the jury as to the legal character and value of such evidence the learned trial judge said, in his charge: "What its weight shall be, what effect it shall have, is wholly for you. As I have tried to suggest to you just now there are cases in which the proof of good character would be sufficient, in itself, to create a reasonable doubt. Where there is positive evidence of guilt, of a character that doesn't admit of a reasonable doubt, then, of course, proof of a previous good reputation, no matter how well established, would not be sufficient to raise the doubt." This instruction is the subject of the twenty-second assignment.

When this case was formerly before us, Judge HENDERSON, in disposing of a similar assignment, said: "The twenty-first assignment relates to the charge of the court on the subject of the defendant's evidence of good reputation. We think the jury may have been misled by the language of the learned trial judge. It was in effect that if the jury was convinced by the other evidence in the case that the defendant was guilty then evidence of a previous good reputation, no matter how well established, would not overcome the case presented by the commonwealth, but that where a case is conflicting the defendant had the right to have his reputation considered for what it may be worth. . . . It might be that a defendant confronted by very persuasive evidence of a criminating character could present evidence of good reputation of such force that it alone would produce such an impression of improbability as to the crime charged that doubt would arise in the minds of the jurors and an acquittal follow."

After a careful review of the authorities that assignment was sustained and was one of the grounds on which the case was reversed. In Com. v. Cate, 220 Pa. 138, the Supreme Court, by Mr. Justice ELKIN, said: "By the fifth assignment of error in the case at bar the appellant complains that the learned court below erred in charging the jury that 'where the jury is satisfied beyond a reasonable doubt of the defendant's guilt under all the evidence, evidence of previous good character is not to overcome the conclusion which follows from that view of the case.' While this instruction might be understood by the legal mind as fairly within the rule above stated, it would be confusing to jurors and might lead them to disregard evidence of good character altogether, if from all the other evidence they reached the conclusion that defendant was guilty. This would clearly be error. For this reason the judgment must be reversed." Recognizing, as we must, the authority of this decision, and believing, as we do, that it rules the question now before us, we are obliged to sustain the twenty-second assignment. All of the other assignments are overruled.

Judgment reversed and a venire facias de novo awarded.