## Commonwealth *v.* Mandela, Appellant.

*Criminal law—Evidence—Good reputation—Charge—Rape.*

1. On the trial of a criminal indictment, where the defense is an alibi and evidence of good reputation has been submitted, it is reversible error for the court to charge as follows: "A man may have a good reputation and yet commit a crime. Evidence of good reputation would not amount to much, if you were satisfied, beyond a reasonable doubt from the evidence, apart from that, that this is the man who committed the assault. Evidence of good reputation may have very great

weight with you if evidence of the facts are not as clear as you might like to have them."

*Criminal law—Form of verdict—Erroneous verdict—Rape.*

2. On the trial of an indictment for felonious rape where the defense is an alibi, it is error for the court to submit to the jury a form of verdict as follows: "Verdict either not guilty, or, not guilty of felonious rape, but guilty of attempt to commit felonious rape," and if the jury returns a verdict of guilty of an attempt to commit felonious rape, such verdict will be set aside on appeal.

3. There may be exceptional and clear cases where a verdict should be directed by the court in order to prevent injustice, but when a form of a verdict is submitted by the court to the jury, it should be so comprehensive as to include every kind of verdict the jury would be warranted in returning.

Argued May 2, 1911. Appeal, No. 146, April T., 1911, by defendant, from judgment of O. & T. Allegheny Co., Nov. Sessions, 1910, No. 6, on verdict of guilty in case of Commonwealth v. Jacob Mandela. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Indictment for felonious rape. · Before CARNAHAN, J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which the prisoner was sentenced to three years in the Allegheny county workhouse.

*Errors assigned* among others were portions of the charge relating to good reputation, quoted in the opinion of the Superior Court, and the action of the court in submitting to the jury forms of verdicts.

*George J. Campbell*, with him *Walter S. Lobingier*, for appellant.—The jury was misled as to effect of good character: Com. v. Sayars, 21 Pa. Superior Ct. 75; Com. v. Howe, 38 Pa. Superior Ct. 208; Com. v. Cate, 220 Pa. 138; Com. v. House, 223 Pa. 487.

Writing out forms of verdict for the jury by the court was error: Com. v. Ware, 137 Pa. 465; Com. v. Nicely, 130 Pa. 261; Columbia Glass Co. v. Atlantic Glass. Co.,

43 Pa. Superior Ct. 367; Com. v. House, 6 Pa. Superior Ct. 92.

*John D. Douglass,* assistant district attorney, with him *W. A. Blakeley,* district attorney, for appellee, cited as to the verdict: State v. Davis, 31 W. Va. 390 (7 S. E. Repr. 24); State v. Potter, 15 Kan. 302; Rhea v. State, 63 Neb. 461 (88 N. W. Repr. 789).

OPINION BY ORLADY, J., October 9, 1911:

The defendant was indicted under a charge of felonious rape. The verdict returned by the jury, was not guilty of felonious rape, but guilty of an attempt to commit felonious rape.

The defense offered to this charge was an alibi. Several prominent citizens testified to the character of the defendant, as to his general reputation, and that he had enjoyed a reputation for peace and good order in the community for many years. While there was no special request for instruction on this point, the learned judge stated in his general charge as follows: "A man may have a good reputation, and yet commit a crime. Evidence of good reputation would not amount to much, if you were satisfied, beyond a reasonable doubt from the evidence, apart from that, that this is the man who committed the assault. Evidence of good reputation may have very great weight with you if evidence of the facts are not as clear as you might like to have them."

This is in substance what the trial judge stated to the jury in Com. v. Sayars, 21 Pa. Superior Ct. 75, viz.: "Good character should be considered in a doubtful case, or in a case where, after summing up all the testimony carefully, the jury are in an equilibrium, or almost balanced." To say that proof of good character is only available under such circumstances, is to say that it is of no substantial account whatever. Where the commonwealth has clearly and indubitably established the defendant's guilt, good character is of no avail as a defense, but in such event,

the same may be said of any other evidence, however positive, which the defendant may have given. Nevertheless, to say to the jury, even in the case supposed, that any proper evidence of the defense, is to be disregarded, would clearly be error, for of the evidence and its weight, the jury are the sole judges. Good character is of importance in this: it may of itself, in spite of all the evidence to the contrary, raise a reasonable doubt in the minds of the jury, and so produce an acquittal. And, as we stated in the above case, taking the charge as a whole, the effect to be given to good character by the jury, invited a controversy as to which view stated by the court should be adopted. The reasonable and natural interpretation to be given to that branch of the learned court's charge, as stated in the fifteenth assignment of error, would be, that evidence of good reputation of the defendant was a secondary matter, and was not to be considered by the jury unless there was a reasonable doubt, independently of good character, or, apart from that, that this is the man who committed the assault, or, that if the facts were not as clear as the jury might desire them to be, evidence of good reputation should be given great weight. This is not the view adopted by our courts: Hanney v. Com., 116 Pa. 322; Com. v. Cleary, 135 Pa. 64; Com. v. Gerade, 145 Pa. 289. In Com. v. Howe, 38 Pa. Superior Ct. 208, we state, that it might be that the defendant, upon very persuasive evidence of criminal character, could present evidence of good reputation of such force that it alone would produce such an impression of improbability as to the crime charged that doubt would arise in the minds of the jurors, and an acquittal follow: Com. v. Cate, 220 Pa. 138; Com. v. House, 223 Pa. 487. This assignment of error is sustained.

At the conclusion of his charge the learned trial judge said, "I have written out the form of verdict which you may render, one or the other, whichever one you may think the evidence justifies. It is either one or the other of the two forms of verdict which I will send out with

you." The form submitted to the jury was as follows: "Verdict either not guilty, or, not guilty of felonious rape, but guilty of attempt to commit felonious rape." The indictment consists of but one count which charged felonious rape. The form submitted by the learned trial judge is without precedent in criminal law, and such procedure is of very doubtful propriety. There may be exceptional and clear cases where a verdict should be directed by the court in order to prevent injustice, but when a form for a verdict is submitted by the court to the jury, it should be so comprehensive as to include every kind of verdict the jury would be warranted in returning. The testimony was so unsatisfactory as to justify the learned trial judge in saying that a verdict of guilty as charged in the indictment should not be returned. The evidence in support of the alibi was quite persuasive, it came from prominent citizens, and the defendant's rights were prejudiced by not permitting the jury to find the defendant guilty of simple assault.

Under proper instructions it was for the jury alone to say what the intention of the defendant was, even if they found him guilty of an assault. As stated in Com. v. Chapler, 228 Pa. 630, "It is not only the right of the jury to ascertain the degree, but it is the right of the accused to have it ascertained by the jury, and a judge takes away one of the statutory rights of the accused when he undertakes to ascertain it himself."

It may well be that jurors would sometimes be relieved of much anxiety, if the trial judge would specifically direct them as to the form of verdict they should return, but it is better that jurors, in every case, should suffer some slight inconvenience and discomfort, rather than that countenance should be given to a practice, which followed to its logical result, would destroy one of the safeguards of the accused, which reason and experience combine to show is of the highest value. It has been well said of another constitutional guaranty, and may be said as appropriate here, "It is the capability of abuse, and not

the probabilities of it, which is regarded in judging of the reasons which lie at the foundation, and guide us in the interpretation of constitutional restriction": Emery's Case, 107 Mass. 172; Com. v. House, 6 Pa. Superior Ct. 92.

For the reasons above given, the judgment is reversed and a venire facias de novo awarded.