## Commonwealth *v.* Dattala, Appellant.

*Criminal law—Receiving stolen goods—Lapse of time—Presumption—Charge of court.*

While, in order to convict a defendant of larceny because of possession of stolen goods, it must be made to appear that the possession was recent, yet where there is evidence that the defendant had failed to comply with the law relating to the sale of secondhand vehicles, and that an effort had been made to efface the numbers of the machine, with other suspicious circumstances, the case was for the jury.

Presumption of larceny, however, only arises from recent unexplained possession of the stolen goods, and when the machine was found in the defendant's possession five months after the theft, it was error to charge that the burden was upon the defendant to account how he had secured the machine.

The entire question was for the jury and there was no burden upon the defendant to establish his explanation at his peril.  It was sufficient for him, if under all the evidence a reasonable doubt existed as to his guilt.

*Trials—Charge of court—Evidence—Character evidence.*

Instructions to the jury that if "man is guilty of a crime, or if the evidence would warrant you in finding him guilty of the crime, no evidence of good character prior to that time would work his

acquittal," is not a correct statement of the effect of character evidence. The vice of such instruction is that it separates the evidence of character, and conveys the idea that if there be other evidence sufficient to warrant a conviction, the evidence of good character could not work an acquittal. Such instruction constitutes reversible error.

*Appeals—Superior Court—Question not raised below—Judges—Orphans' court judge—Presiding in quarter sessions.*

If no objection is made to the right of an orphans' court judge to preside in the quarter sessions at the time of a trial, it cannot be made, on appeal, to the Superior Court.

Argued April 19, 1921.   Appeal, No. 136, April T., 1921, by defendant, from judgment of Q. S. of Cambria County, Dec. Sessions, 1920, No. 109, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Bart Dattala.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Indictment for larceny and receiving stolen goods. Before REED, P. J., Orphans' Court, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned,* among others, were the charge of the court, refusal of defendant's motion for a new trial, and objection to the right of judge of the orphans' court to preside in the quarter sessions.

*John M. Freeman,* and with him *H. F. Stambaugh, Francis A. Wolf, L. Verde Rhue* and *Donald E. Dufton,* for appellant.

*Clarence E. Davis,* for appellee.

OPINION BY TREXLER, J., July 14, 1921:

The prosecutor's automobile was stolen April 27, 1920. It was found in defendant's possession October 10th,

somewhat more than five months after the theft. He was found guilty of larceny and receiving.

The first proposition advanced by the appellant is, that the possession of the defendant not having been recent, there should have been binding instructions in his favor. This court has said in Commonwealth v. Berney, 28 Pa. Superior Ct. 61: "In order to convict defendant of larceny because of the possession of the stolen property it must be made to appear that the possession was recent. The law does not declare just what that period is; much depends upon the character of the property and the circumstances of the case. But after the lapse of time shown by the Commonwealth's evidence (in that case two months) an inference of larceny does not necessarily arise." Without going into a discussion of the subject as to the presumption of law arising from the possession of stolen property "a most troublesome and fruitless controversy" says Wigmore, section 2513, and granting arguendo that the mere unexplained possession if not recent, is not sufficient to convict, we do not think under the facts presented that the court could have instructed the jury to acquit the defendant. The defendant had failed to comply with the law regulating the sale of second-hand motor vehicles: Act of June 30, 1919, P. L. 702. Although he should not be punished in this proceeding for a violation of that act, his failure to follow its provisions renders the transaction involved in the case unlawful and tends to cast suspicion upon him. There was also evidence that an effort had been made to efface the machine numbers. Therefore, apart from the question of the burden of proof, or presumption of law, or inference of fact, we think the possession of the stolen machine although not recent, coupled with these circumstances which might be regarded as suspicious require the submission of the case to the jury. The possession of the stolen machine was a probative fact to be considered with the other facts in the case. See Wharton on Criminal Law, section 728.

The court in its charge went too far when it said, "The automobile having been stolen, and there is no question about the stolen automobile being in the custody of the defendant, therefore, the burden would be upon him to show how he obtained the automobile. When stolen goods are found in the possession of some one accused of stealing them why of course they have to account how they received the goods." Presumption of larceny only arises from recent unexplained possession of stolen goods. The defendant having furnished an explanation, the entire question resolves itself into a matter of fact for the jury. There was no burden upon the defendant to establish his explanation at his peril. It was sufficient for him if under all the evidence, a reasonable doubt existed as to his guilt. Chamberlayne on Evidence, vol. 2, section 1130b. If this be the law in regard to recent possession, a fortiori, would it be so where there was a considerable interval of time elapsing. (Second assignment.)

We do not attach any importance to the complaint that the court assumed that the auto was stolen. If the defendant wished to raise that question he should have done so. A reading of the testimony shows that the identity of the automobile was established without question and no attempt was made to contradict the prosecutor as to his ownership of the vehicle. If the defendant wished the court to instruct the jury to pass upon this question, a request to that effect would have no doubt met a favorable response, or when the trial judge was charging that the auto had been stolen, his attention could have been called to the fact that the defendant controverted that statement and desired the matter to be passed upon by the jury.

The court's instructions as to reasonable doubt are criticized. The instructions were correct, but not as full as they might have been. In the absence of a request for more specific instructions we cannot convict the court of error in this regard: Com. v. Booker (No. 1), 72 Pa. Su-

perior Ct. 395.   There was no specific exception to this part of the charge: Com. v. Scherer, 266 Pa. 210, 215.

The court charged "Now, he has also produced here certain witnesses known as character witnesses, and the courts have held that this is substantive evidence which may be considered by a jury in the trial of the case.   Of course, gentlemen of the jury, you understand this, that if a man is guilty of a crime, or if the evidence would warrant you in finding him guilty of the crime, no evidence of good character prior to that time would work his acquittal, however evidence of this kind is given in cases of this kind for the purpose of enlightening the jury as to what kind of a man he is known to be in the neighborhood in which he resides, as a man might find himself in a very embarrassing position sometime and that would be the only evidence before you as to his innocence, and yet he might be entirely innocent."   The vice of this instruction is that it separates the evidence of character and conveys the idea that if there be other evidence sufficient to warrant a conviction, the evidence of good character could not work an acquittal: see Com. v. Howe, 38 Pa. Superior Ct. 208; Com. v. Cate, 220 Pa. 138; Com. v. Cleary, 135 Pa. 64; Com. v. Howe, 42 Pa. Superior Ct. 136; Com. v. House, 223 Pa. 487; Com. v. Stoner, 70 Pa. Superior Ct. 365; s. c. 265 Pa. 139; Com. v. Bednorciki, 264 Pa. 124.   This error is not helped out by what follows in the concluding lines of the paragraph.   (Fourth assignment.)

The last objection goes to the right of an orphans' court judge to preside in a court of quarter sessions. This right is given by the Act of June 7, 1919, P. L. 363. The appellant contends that the title of the act is defective.   As no objection was made to the right of the orphans' court judge to preside in the court below, it cannot be made here: Corporation F. & F. Co. v. Stoffregen, 264 Pa. 215.   The second and fourth assignments are sustained.   The others are overruled.

The judgment is reversed with a new venire.