Opinion by
 

 Hirt, J.,
 

 Defendant was convicted of larceny, and of assault and battery, charged in separate indictments but tried by the same jury with the defendant’s consent. Judgments were entered on the verdicts and defendant was sentenced on each.
 

 The conviction in the larceny case rests upon the inferences to be drawn from defendant’s possession of stolen property. Possession of recently stolen property is evidence that the possessor is the thief but it does not raise a legal presumption of guilt and no burden is shifted to the defendant to account for his possession, at his peril. The burden of proof remains upon the Commonwealth and it is for the jury alone to say whether the guilt of the defendant is a reasonable inference of fact, fairly deducible from his possession of the stolen property in the light of all of the evidence, including the reasonableness of his explanation as to how he came into possession.
 
 Com. v. Chester,
 
 77 Pa. Superior Ct. 388;
 
 Com. v. Dattala,
 
 77 Pa. Superior Ct. 320; 1 Wharton Crim. Ev., p. 198, §191.
 

 Harvey F. Keefer, a well driller for many years owned and had rebuilt a number of drilling machines. He dismantled one of them and had stored the metal parts along with pump and pipe fittings and other equip
 
 *18
 
 ment, used in his business, in a building on his property some distance from liis home. A “walking beam assembly of a model No. 3% Keystone Well Drilling Machine” was a part of the material in the storehouse. Keefer last saw this material on July 23, 19-10 and did not discover its loss until August 29, 1910. In the meantime all of the equipment and material had been removed from the storehouse by someone unknown to Keefer under circumstances which indicate a felonious taking. On discovering the theft Keefer immediately went to the junk yard of defendant and there found his metal walking beam hanger near a pile of scrap metal. From its distinctive character he identified it as his property, a part of the material stolen from his storehouse. Keefer was driven from the premises by defendant and it was then that the assault and battery was committed. He returned later the same day with a search warrant but was then unable to find any of his property. As to the walking beam hanger, defendant made three inconsistent statements; that he had thrown it up on the pile of junk and, when Keefer and the sheriff were unable to find it, that he had sold it that morning to a truck driver after Keefer had left; he also denied ever having it. Defendant admitted making a fourth statement; that “it was in the house that the boys put it away” when Keefer had left after finding the hanger in defendant’s possession.
 

 Much stress is put upon the fact that thirty-seven days had elapsed between the time Keefer had last seen his property and the day he found it in defendant’s possession. To convict a defendant of larceny, because of the possession of the stolen property, it must appear that the possession was recent. But “the law does not declare just what this period is; much depends upon the character of the property and the circumstances of the case”:
 
 Com. v. Berney,
 
 28 Pa. Superior Ct. 61. And whether the interval between the larceny of the prop
 
 *19
 
 erty and its possession by the accused is sufficiently short, to be considered recent, depends upon the facts of the particular case.
 
 Com. v. Chester,
 
 supra. The question does not depend wholly upon the lapse of time. The possessor’s acts in relation to the property, inconsistent with lawful ownership, and other suspicious circumstances have a direct bearing on the question and extend the period from which guilt may be inferred.
 
 Com. v. Dattala,
 
 supra;
 
 Boehm v. U. S.,
 
 271 Fed. 454. Here, there is testimony that defendant concealed the hanger after he had been notified that it was stolen property. This is evidence bearing upon felonious intent. 36 C. J., p. 914, §502. A motive also was shown. There is testimony that he tried to buy the hanger from Mrs. Keefer on August 14, 1940, fifteen days before it was found in his possession, and was told that it was not for sale.
 

 Considered in its entirety, as it must be,
 
 (Com. v. Stelma,
 
 327 Pa. 317, 192 A. 906) we are unable to find basic and fundamental error in the charge of the court. All of the testimony was reviewed by the trial judge fairly and impartially ¡and whether defendant’s guilt was a reasonable inference from his possession of the stolen property for thirty-seven days was submitted to the jury wholly as an issue of fact. If the wife was believed the period was fifteen days. Only a general exception was taken and, in the absence of a request for more specific instructions, defendant cannot now complain.
 
 Com. v.
 
 Scherer, 266 Pa. 210, 109 A. 867.
 

 As to the conviction of assault and battery, there is no merit in defendant’s sole contention that under all the evidence he was entitled to a directed verdict of not guilty. There is competent evidence that defendant struck the prosecutor with a strip of metal, leaving marks upon his body. This testimony is sufficient to sustain the conviction in the absence of evidence of justification.
 

 
 *20
 
 The judgments and sentences are affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentences, or any part of them, which had not been performed at the time the appeal in each case was made a supersedeas.