## Commonwealth v. Deitrick, Appellant.

*Criminal law—Murder—Accidental killing—Burden of proof.*

The burden of proof in homicide cases, where the defense of accidental killing is set up, does not shift, but rests on the commonwealth to show that the killing was willful and intentional.

On the trial of a homicide case it is reversible error for the court to charge "that the burden is upon the defendant to convince you beyond a reasonable doubt that the killing of the deceased was purely accidental, before he should be acquitted upon that ground."

*Criminal law—Murder—Erroneous instructions—Appeals.*

In a murder case where clear error appears in the instructions to the jury upon the vital and controlling defense set up, the appellate court cannot judicially say that no harm was done the defendant and that, therefore, no reversible error was committed.

Argued March 4, 1907. Appeal, No. 341, Jan. T., 1906, by defendant, from judgment of O. & T. Montour Co., Feb. T., 1906, No. 1, on verdict of guilty of murder in the second degree in case of Commonwealth v. Peter Deitrick. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Indictment for murder.   Before Evans, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was portion of the charge quoted in the opinion of the Supreme Court.

*Fred Ikeler*, with him *Wm. Kase West*, for appellant.—The burden of proof did not shift from the commonwealth to the prisoner: Com. v. McKie, 67 Mass. 61; Meyers v. Com., 83 Pa. 131; Com. v. Kilpatrick, 204 Pa. 218.

*H. M. Hinckley*, with him *Chas. P. Gearhart*, district attorney, for appellee, cited: Meyers v. Com., 83 Pa. 131; Williams v. Com., 29 Pa. 102; Kilpatrick v. Com., 31 Pa. 198; Reeves v. D., L. & W. R. R. Co., 30 Pa. 454; Alexander v. Com., 105 Pa. 1; Shovlin v. Com., 106 Pa. 369; Rudy v. Com., 128 Pa. 500; McCloskey v. Bells Gap R. R. Co., 156 Pa. 254; Com. v. Mika, 171 Pa. 273; Com. v. Bowman, 171 Pa. 448; Com. v. Washington, 202 Pa. 148.

Opinion by Mr. Justice Elkin, April 29, 1907:

At the trial in the court below on an indictment charging murder, under the plea of not guilty, the defendant relied upon the defense of accidental killing.   The learned trial judge charged the jury as follows: " We further say to you that the burden is upon the defendant Deitrick to convince you beyond a reasonable doubt that the killing of Jones was purely accidental before he should be acquitted upon that ground," and this instruction has been assigned for error.

Under the plea of not guilty the defendant may show that the killing was accidental, and if the testimony satisfies the jury that the killing was the result of an accident, they should return a verdict of not guilty.   We are not familiar with any authority which holds that when such a defense is set up the burden rests upon the defendant to show that the killing was accidental beyond a reasonable doubt.   Such a rule would shift the burden of proof from the commonwealth, whose duty it is to establish the guilt of the defendant in all cases beyond a reasonable doubt.   The defense of accidental killing is clearly distinguishable from that of an alibi or insanity, in which

cases it has been held that the burden of proving such defenses is on the defendant. No Pennsylvania cases have been called to our attention in which the exact question raised by this appeal has been decided, but the rule recognized by many text-writers and established in some jurisdictions is that the burden in homicide cases where the defense of accidental killing is set up does not shift, but rests on the commonwealth to show that the killing was willful and intentional.

In State v. McDaniel, 68 So. Car. 304, the court said : " But we do not think that a defense that the homicide was accidental was in any sense an affirmative defense. It is distinguishable from self-defense as a plea which admits an intentional killing and sets up as a justification a necessity to kill in order to save the accused from death or serious bodily harm, whereas a defense of homicide by accident denies that the killing was intentional." In State v. Cross, 42 West Va. 253, the rule was laid down in the following language: " Accidental killing is not such matter of defense as throws on the accused the burden of proving it by a preponderance of evidence. It is the duty of the state to allege and prove that the killing, though done with a deadly weapon, was intentional or willful. But when the evidence taken as a whole raises a reasonable doubt in the minds of the jury as to whether the killing was accidental or intentional, they must acquit the accused for the reason that the state has failed to sustain its case."

This, it seems to us, is the correct rule when such a defense is set up. The burden is always on the commonwealth to prove beyond a reasonable doubt all of the facts necessary to constitute the crime of murder. It is not sufficient to prove the killing alone, or that it was done with a deadly weapon, but such facts must be shown as will warrant a jury in finding that it was intentional or willful. If the killing was accidental, although done with a deadly weapon, it could not be said to be either intentional or willful, and if neither intentional nor willful, the crime of murder is not made out. But, even if this should be held not to be the correct rule, the instruction of the learned trial judge cannot be sustained because it is in plain violation of a rule of law in another respect. It is settled law that even in those cases in which the burden of proof is on the defendant to sustain an affirmative defense set up, as,

for instance, insanity or an alibi, it is only necessary to establish it by a preponderance of the evidence, and it is not required that it should be proven beyond a reasonable doubt: Meyers v. Commonwealth, 83 Pa. 131. In that case the defense was insanity, and the learned court below instructed the jury that they must be satisfied beyond a reasonable doubt that the prisoner was insane at the time the act was committed. This court held that the instruction was too stringent, and threw upon the prisoner a degree of proof beyond the legal measure of his defense, which only required that he must satisfy the jury that he was insane, and that this result flows from the preponderance of the evidence.

The instruction of the learned trial judge relating to the accidental killing was clearly erroneous, and this seems to be conceded, but it is contended that this error was cured by other parts of the charge wherein the jury was instructed generally that it was the duty of the commonwealth to establish the guilt of the prisoner beyond a reasonable doubt. While we agree with the suggestion of the learned counsel for the commonwealth made at the argument that courts will not be astute to sustain technical objections in the trial of such cases when substantial justice has been accorded the defendant, it, however, has never been held that where clear error appears in the instructions to the jury upon the vital and controlling defense set up, the appellate court can judicially say no harm was done the defendant and therefore no reversible error was committed.

Judgment reversed and a venire facias de novo awarded.