# Commonwealth v. Chester, Appellant.

*Criminal law—Larceny and receiving stolen goods—Burden of proof—Evidence—Character evidence—Weight—Charge of court.*

The possession of property recently stolen is evidence that the possessor is the thief. The force of the presumption of guilt is one of fact to be inferred by the jury, not of law, and the jury must pass on all the evidence, including the explanation of the possession by the accused. In order to warrant conviction upon evidence as to possession of a stolen automobile the possession must be recent, taking into consideration the nature of the property and all the circumstances. The case is for the jury and it was error to give instructions that the unexplained possession of the automobile, thirteen days after the theft, must require a verdict of guilty.

Evidence of good character is to be regarded as a substantive fact, like any other, tending to establish the defendant's innocence and ought to be so regarded by both court and jury.

A charge to a jury that character evidence is introduced for the purpose of raising a doubt as to the man's guilt, and must be considered in that connection with all the other testimony introduced in the case, is not a proper instruction as to the value of character evidence, and constitutes reversible error.

*Trials—Remarks of counsel—Grounds for withdrawal of a juror.*

In the trial of an indictment for larceny and receiving stolen goods, it is error not to withdraw a juror, when the district attorney referred to the failure of the court to allow the Commonwealth to introduce evidence as to other transactions of the defendant, which had no connection with the offense charged, or the automobile which was the subject of the larceny.

The court having properly rejected the evidence there should have been no mention of the matter, yet the jury was invited to draw its own conclusions from the very fact that the evidence improperly offered had been rejected.

Argued March 15, 1921. Appeal, No. 326, Oct. T., 1920, by defendant, from judgment of Q. S. Delaware County, Dec. Sessions, 1917, No. 47, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Abe Chester. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Indictment for larceny and receiving stolen goods. Before HAUSE, J., 15th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, were the charge of the court, refusing to withdraw a juror because of remarks of district attorney, and refusal to direct a verdict for the defendant.

*William C. Alexander* and *Samuel W. Salus,* for appellant, cited: Com. v. House, 223 Pa. 487, 1909; Shaffner v. Com., 72 Pa. 60, 1872; People v. Brooks, 131 N. Y. 321, 1892; 2 R. C. L. 419; 38 Cyc. 1488; Com. v. Martin, 47 Pa. Superior Ct. 346, 1911; Com. v. Corsino, 20 Luzerne 408, 1919; Com. v. Havrilla, 38 Pa. Superior Ct. 292, 1909; Com. v. Deitrick, 218 Pa. 36, 1907; Com. v. Stoner,

Arguments—Opinion of the Court. [77 Pa. Superior Ct.
265 Pa. 143, 1919; Hanney v. Com., 116 Pa. 327, 1887; Com. v. Mandela, 48 Pa. Superior Ct. 56, 1911.

*William Taylor*, District Attorney, and with him *William B. McClenachan*, Assistant District Attorney, for appellee, cited: Com. v. Brown, 71 Pa. Superior Ct. 575; Pennsylvania v. Stephen Myers, 1 Addison 320.

OPINION BY PORTER, J., October 7, 1921:

The defendant was convicted in the court below upon an indictment which charged the larceny of a Buick automobile and he appeals from that judgment. The assignments of error in this appeal are many but they do not all require serious consideration.

The first assignment of error and those bearing the numbers from six to fifteen inclusive, allege that the court erred in refusing to withdraw a juror because of certain remarks of the district attorney, in his opening and closing addresses, to which the appellant excepted. The district attorney in his opening address said to the jury that: "The Commonwealth contended that he (the defendant) took the car in question out of the garage of the owner; that he sold it to Mr. Baron; and we will show you that he not only sold this car, but sold other cars of somewhat the same character." We are not satisfied that this statement by the district attorney was so clearly prejudicial to the cause of the defendant as to warrant a reversal of the judgment, if no other error appeared in the case, for it did not allege that the sales of the other cars were not entirely lawful. The case must however, go back for a retrial, and the learned district attorney will no doubt eliminate this objectionable statement from his otherwise admirable opening address. The first assignment of error is overruled.

The learned district attorney and the able counsel for the defendant seem to have entirely lost their tempers in the trial of this case and evidenced a disposition to try each other, rather than the issue raised by the pleadings.

The remarks of the district attorney, to which exception was taken, which remain to be considered, were all, with the exception of those embraced by the tenth specification of error, drawn out by what counsel for the defendant had said in his closing address and the remarks of the district attorney were simply a rather spirited reply. The sixth, seventh, eighth, ninth, eleventh, twelfth and thirteenth specifications of error are overruled.

The remarks of the district attorney which are the subject of the tenth specification of error were practically a criticism of the action of the court in sustaining an objection by the defendant to the attempt of the Commonwealth to introduce evidence as to transactions of this defendant which had no connection with the charge being tried or the car which was the subject of the larceny. He said to the jury: "Why shouldn't we have gone further? Why weren't—why shouldn't they have been willing and glad to have shown every transaction this man ever had, if he is as honest as they set him up to be? Why are they afraid of those other transactions they objected to? Draw your own conclusion, gentlemen." The court had properly rejected the evidence and that ought to have been an end of that particular matter, yet the jury were invited to draw their own conclusions from the very fact that the evidence improperly offered had been rejected. Cases may arise in which it is proper for a district attorney to comment on the refusal of a defendant to permit an investigation of his entire conduct, but the circumstances which would warrant such a course were not present in this case. The tenth specification of error is sustained.

The Buick car in question had been stolen from the garage of the owner, in Delaware County, on the night of August 14th. The Commonwealth produced evidence tending to establish that the same car was found in possession of the defendant, in Philadelphia, on August 27th, and that he sold it on that day to Mr. Baron. The defendant, called as a witness in his own behalf, testi-

fied that he had bought the car which he sold to Baron, early in July, from a man named Kofsky, of whose whereabouts he now knows nothing. He testified that the car which he had bought from Kofsky in July was a Buick car similar to the car which in the following October was identified, at the City Hall in Philadelphia, as the car which had been stolen from the garage of Mr. Moore in Delaware County, and which Mr. Baron testified was the same car which he had bought from the defendant in August. The defendant denied that the car which was identified as the stolen car was the same car which he had sold to Baron on August 27th, and asserted that he had had possession of the car which he sold to Baron, in July, long prior to the time that the Moore car was stolen.

The defendant thus asserting that he had had in his possession a car similar to the stolen car prior to the time of the theft, it was entirely proper for the Commonwealth to ask him whether he had not sold such a car to Mr. Baron three weeks before he sold the car in question, that is before the Moore car was stolen. The second, third and fourth specifications of error are overruled.

The court properly rejected the offer of the defendant to testify as to a conversation he had had with one of the witnesses for the Commonwealth, during the trial of the case, the attention of said witness not having been called to the occurrence when he was upon the stand, and the fifth specification is dismissed.

The learned judge of the court below charged the jury as follows: "Now, gentlemen of the jury, I say there can be no disagreement between counsel and the court as respects the law, because it is perfectly well settled that if the Commonwealth establishes the fact that a piece of personal property, in this case an automobile, was stolen, and within the space of time that elapsed here between the time it was stolen, and the time it was found in the possession of this defendant, if it was found in his possession—I say within that short

space of time when property has been found in the possession of the person who is charged with having stolen it, then the burden shifts to him, and he must satisfy you fairly under all the evidence as to how he came into possession of it. In other words, to discharge what would otherwise result in a verdict against him." This portion of the charge is the foundation of the sixteenth specification of error. And, again, the court charged the jury, referring to the identity of the car: "Is that the car that was sold by Chester, the defendant, to Baron and by Baron to Beetem? If it was—if you find that question No. 2 against the defendant, under all the evidence, if you have no reasonable doubt about it, then you have the stolen car in the possession of this defendant within practically two weeks of the time it was stolen, and the law says thus to him, 'Mr. Chester, the burden is now upon your shoulders of explaining to the jury fairly and reasonably that you came honestly by this stolen car.'" This part of the charge is the subject of the seventeenth specification of error. The learned judge thus clearly instructed the jury that if the Commonwealth had established the fact that the car was found in possession of the defendant thirteen days after it was stolen, that fact unexplained was, as a matter of law, conclusive of the defendant's guilt of larceny; that the burden then shifted to the defendant, who must fairly and reasonably satisfy the jury "that he came honestly by this stolen car"; that the failure of the defendant to discharge the burden "would otherwise result in a verdict against him." This was not a mere expression of opinion by the learned judge as to the inference to be drawn from the mere fact of possession of the stolen property, leaving the jury free to draw their own conclusion. It was a binding instruction as to the inference which must be drawn from the mere fact of unexplained possession, thirteen days after the car was stolen. In this the court fell into error.

The possession of property recently stolen is evidence that the possessor is the thief: Com. v. Berney, 28 Pa. Superior Ct. 61; Com. v. Devine, 18 Pa. Superior Ct. 431; Pennsylvania v. Myers, 1st Addison 320; Smith v. People, 103 Ill. 82; Com..v. Deegan, 138 Mass. 182; People v. LaMunion, 64 Mich. 709; State v. Lax, 71 N. J. L. 386; Knickerbocker v. People, 43 N. Y. 177; Regina v. Langmead, 9 Cox C. C. 464. The force of the presumption of guilt is one of fact to be inferred by the jury, not of law, and the jury must pass on all the evidence including the reasonableness of the explanation of his possession by the accused: Stover v. People, 56 N. Y. 315. In order to warrant conviction upon evidence as to possession of stolen property the possession must be recent, taking into consideration the nature of the property and all the circumstances. Whether possession is recent is generally for the jury: Com..v. Berney, 28 Pa. Superior Ct. 61; Regina v. Knight, 9 Cox C. C. 437. The evidence in the present case, as to the possession of the stolen car by the defendant, was sufficient to sustain a finding by the jury that the defendant was guilty of the larceny. The inference to be drawn from the fact of the possession of the property by the defendant, taking into consideration the nature of the property, the time which had elapsed between the theft and the finding of the car in possession of the defendant, was peculiarly for the jury. The error of the learned judge consisted in giving a binding instruction as to the verdict which must result from the unexplained possession of the stolen car by the defendant, at a time thirteen days after the theft and under the circumstances presented by the evidence. The question of guilt often involves an intermingling of law and fact, and the whole case must be given to the jury. It is only where the defendant sets up an affirmative defense, such as insanity, that the burden shifts to him and it becomes necessary for him to establish his defense by a preponderance of the evidence: Commonwealth v. Deitrick, 218 Pa. 36; Turner v. Common-

wealth, 86 Pa. 54; Com. v. Havrilla, 38 Pa. Superior Ct. 292. The sixteenth and seventeenth specifications of error are sustained.

The learned judge of the court below, in instructing the jury as to the purpose and relevancy of evidence as to good reputation of the defendant, said: "The purpose of introducing testimony as to reputation......—testimony of that kind is not admissible—is not introduced as a direct answer to a charge of larceny or murder or robbery or arson or as the case may be. In other words, when a person bears a good reputation, and his friends and neighbors come before you and so testify, they are not testifying, if I may use this case as an illustration— they are not undertaking to testify to you that Abe Chester did not steal this automobile. That is not the purpose of this kind of testimony. It is offered for the purpose of creating in your minds a doubt as to whether or not a person bearing the excellent reputation that Chester's friends and neighbors have given him, is likely to have committed an offense of this kind. It is testimony, gentlemen of the jury, that is introduced for the purpose of raising, as I say, in your minds a doubt as to the man's guilt, and you must consider that testimony in connection with all the other testimony that you heard in this case." We are of opinion that this instruction was not in harmony with the principles established by the decisions of the Supreme Court of this State. Evidence of good reputation produced in behalf of the defendant in a trial upon an indictment, is offered not simply to create a doubt as to the defendant's guilt, but to establish in the minds of the jury the innocence of the defendant. Such evidence does not raise a distinct issue and is not brought into the case as a mere make-weight. It is substantive evidence material to the issue of guilt or innocence. "We have got beyond all doubt upon this subject, and have firmly established the doctrine, that evidence of good character is to be regarded as a substantive fact, like any other tending to establish the de-

fendant's innocence, and ought to be so regarded by both court and jury": Hanney v. Com., 116 Pa. 328; Com. v. Stoner, 265 Pa. 143. The eighteenth specification of error is sustained.

The car which was the subject of this larceny was stolen in Delaware County and was found in possession of the defendant in the County of Philadelphia. Counsel for the defendant contended at the trial that there was no direct proof that the defendant was present in Delaware County, and there was, therefore, a failure to establish criminal intent in Delaware County, and requested the court to give a binding instruction that the verdict should be not guilty. The force and effect of evidence establishing that property recently stolen is found in the possession of the accused is not affected by the fact that a state or county line intervenes between the place of the theft and the place of finding: Graves v. State, 12 Wis. 591; particularly is this so where the property is such as that involved in this case an automobile, which may be quickly removed from the place in which it was stolen. The evidence in this case was sufficient to warrant a finding by the jury that the defendant had stolen the car, and as the theft had been committed in Delaware County, the case was properly there tried. None of the remaining assignments of error have merit and they are all dismissed.

The judgment is reversed and a venire facias de novo awarded.