NOTE.—At the audit, the auditing judge declined to hear the testimony of witnesses and also to consider the depositions, because of his ruling that the fund should be remitted to the domiciliary executor. These facts appear on the tran-script made by the official stenographer.

## Commonwealth v. Weaver. No. 1.

*Criminal law—Larceny—Receiving stolen goods—Possession of the goods as evidence—Lapse of time—Weight—Question for jury.*

Upon the trial of one indicted for larceny and receiving stolen goods, the testimony was that the stolen barrel was found concealed in defendant's possession and he refused to allow officers of the law to take it without a search warrant. When they returned with the warrant defendant was chiselling out marks of iden-tification on the barrel: *Held*, on the question whether or not guilt might be inferred from possession of the stolen property almost two months after the theft, the case was properly for the jury under the evidence, and the evidence was sufficient to sustain a verdict of guilty.

Motion in arrest of judgment and for a new rule. Q. S. Dauphin Co., June Sess., 1922, No. 47.

*Robert T. Fox*, Assistant District Attorney, for Commonwealth.

*James G. Hatz* and *Herman Berg*, for defendant.

WICKERSHAM, J., Oct. 9, 1922.—The defendant was convicted upon an indictment charging him with felonious entry, larceny and receiving stolen goods. The jury found by their verdict that the testimony of the Commonwealth, and all inferences arising therefrom favoring the contention of the Commonwealth, were true.

It appeared from the testimony that on March 10, 1922, a barrel of whiskey was shipped from Baltimore to Knouse & Knouse, of the City of Harrisburg. This barrel, bearing the number 383,807, was shipped in car No. 537,656; the car was sealed and extra cleats were nailed to the door and door-posts on each side of the car. It was still sealed when it arrived at Lemoyne, opposite Harrisburg, at 11.30 that night. The next morning, March 11, 1922, the tallyman examined the car and found one of the seals, No. 2,576C, was broken and one of the cleats was loose, as if it had been taken off and put on; the barrel of whiskey was missing from the car.

The empty barrel was found on the premises of the defendant May 5, 1922, concealed in a piece of old stack, and covered with a burlap bag. The defendant refused to allow the officers to take the barrel away unless they obtained a search-warrant. Having obtained the search-warrant, the officers returned for the barrel, and upon arriving at the premises of the defendant, they found him with a chisel cutting out the numbers and other marks of identification found thereupon.

The defendant and his witnesses testified that he bought this barrel from a junkman on March 25, 1922. He did not know the man, nor had he seen him since the day of the purchase.

We were requested to instruct the jury that possession of stolen goods shortly after the robbery, unless explained, is strong evidence to convict, and is a significant circumstance upon which guilt may be presumed; but that a
2 D. & C.

period of nearly two months having elapsed between the felonious entry of the car and the larceny of the barrel of whiskey contained therein, no inference of guilt could arise from the fact that the defendant was in possession of the empty barrel, and the verdict must be for the defendant. We were of the opinion, however, that the facts and circumstances of the case, under the evidence, were for the jury, and that we would not be justified in giving binding instructions. Our refusal to take this case from the jury is the error alleged in the fifth paragraph of defendant's motion for arrest of judgment and new trial, in which it is claimed that "possession of the barrel, alleged to have been taken at a period almost two months after the alleged taking, is a period of time too remote upon which a jury would be justified in basing a verdict of guilty," and this was the only reason for a new trial which was pressed by counsel for the defendant at the oral argument of this case.

After a careful review of the evidence from our notes, we are not convinced that we erred in submitting all the facts and circumstances surrounding this case to the jury for its finding. The barrel was amply and fully identified by the witnesses who testified in behalf of the Commonwealth. It was removed from the car of the Pennsylvania Railroad Company some time between 11.30 o'clock on the evening of March 10, 1922, and 7 or 8 o'clock on the morning of March 11, 1922. It was found concealed upon the premises of the defendant on May 5, 1922. When discovered, the defendant would not allow its removal unless the officers would procure a search-warrant, and upon their return he was found with a chisel, endeavoring to remove the marks by which the barrel could be identified.

"The possession of property recently stolen is evidence that the possessor is the thief. The force of the presumption of guilt is one of fact to be inferred by the jury, not of law, and the jury must pass on all the evidence, including the explanation of the possession by the accused. In order to warrant conviction upon evidence as to possession of a stolen automobile, the possession must be recent, taking into consideration the nature of the property and all the circumstances:" Com. *v.* Chester, 77 Pa. Superior Ct. 388.

Whether possession is recent is generally for the jury: Com. *v.* Berney, 28 Pa. Superior Ct. 61; Regina *v.* Knight, 9 Cox C. C. 437. The jury had a right to consider why the defendant, if he purchased the empty barrel from a wandering junk-dealer on March 25, 1922, as testified to by him and his witnesses, would be desirous of removing the marks of identification. They had a right to consider whether his request that the officers present a search-warrant before he would surrender the barrel to them was not a subterfuge on his part to secure their absence from his premises until he had removed all the marks by which the barrel could be identified. They had a right to consider whether his testimony that he purchased an empty whiskey barrel from a junk-dealer, whom he did not know and had not seen before or since, had in it the ring of truth. They had a right to consider whether his testimony that he concealed the barrel in a piece of an old stack and covered it over with burlap was for the purpose of concealing it from those who might be in search of it, or whether it was for the purpose, as he testified, of keeping it clean. They also had a right to consider that he had this empty barrel concealed upon his premises from March 25, 1922, fourteen days after it was stolen, until it was discovered by the officers May 5, 1922.

Having this testimony in mind, we were convinced at the time of the trial that the force of the presumption of guilt in this case was one of fact to be inferred by the jury, not of law, and that it was the duty of the jury to pass on all the evidence, including the reasonableness of the explanation of the

defendant's possession of the stolen property: Stover v. People, 56 N. Y. 315; Com. v. Chester, 77 Pa. Superior Ct. 388.

In Com. v. Dattala, 77 Pa. Superior Ct. 320, as in this case, an effort had been made to efface the numbers of the machine with other suspicious circumstances, and it was held the case was for the jury.

We are not convinced, therefore, that we erred in refusing to give binding instructions in this case. We think all the facts and circumstances in the case were to be passed upon by the jury, and we are satisfied that the verdict of guilty was sustained by the evidence. The motion in arrest of judgment and for a new trial is, therefore, overruled and the district attorney is directed to call the defendant for sentence.

**From William Jenkins Wilcox, Harrisburg, Pa.**