# Commonwealth of Pennsylvania *v.* Thomas Viscuso, Appellant.

*Criminal law—Receiving stolen goods—Automobiles—Charge of the court—Reference to failure of defendant to testify—Reversible error.*

In the trial of indictment for receiving stolen goods, the court referring to the failure of the defendant to testify said: "I take it, however, that it is entirely proper for the jury in their deliberation to consider that fact, along with the other circumstances in the case, and it is for you to consider in this case, where the burden is upon the defendant to produce testimony reasonably explaining his possession of this property, providing you find that it was stolen and in his possession recently thereafter."

Such instruction was contrary to the provision of the Act of May 23, 1887, P. L. 158, and constituted reversible error. The only evidence against the accused was his possession of the automobile alleged to have been stolen, and the instruction complained of could have conveyed but one idea to the jury and that was that the failure of the defendant to take the stand might be considered evidence of guilt.

*Criminal law—Trial—Charge of court—Burden of proof.*

The use of the word "burden" in referring to a defendant's position when the Commonwealth has made out a prima facie case is not to be recommended. It is only where the defendant sets up an affirmative defense, such as insanity, that the burden shifts to him and it becomes necessary for him to establish his defense by a preponderance of the evidence.

Argued October 24, 1923.  Appeal, No. 55, April T., 1924, by defendant, from judgment of Q. S. Erie Co., Nov. T. 1922, No. 8, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Thomas Viscuso. Before Orlady, P. J., Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.  Reversed.

Indictment for receiving stolen goods.  Before Hirt, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*S. Y. Rossiter,* for appellant.

*C. Arthur Blass,* District Attorney, and with him *Otto Herbst,* Assistant District Attorney, and *Frank B. Quinn,* for appellee.

Opinion by Gawthrop, J., December 10, 1923:

Defendant was convicted upon an indictment charging receiving stolen goods, a Ford automobile.  The Ford car in question had been stolen while parked in the City of Buffalo, New York, on July 29, 1922.  The tires on the car were the same tires which were on another car stolen in the same city on August 16, 1922.  Early in September, 1922, the Ford car, with two of the tires from the other stolen car, were found in defendant's posses-

sion. The engine number of the car had been changed and the car has been converted into a truck. No explanation was made by defendant of his possession. Of the numerous assignments of error in this appeal, the only ones which require serious consideration are those which complain of the charge of the court. The jury had difficulty over the question of the burden of proof and asked for further instruction on that question, which was given them. At the conclusion thereof counsel for defendant called the court's attention to the act of assembly which provides: "Nor may the neglect or refusal of any defendant, actually on trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial." The court responded by reading the act to the jury and then said: "I take this act of assembly to mean that neither the court nor the district attorney can comment upon the failure of the defendant to take the stand. I take it, however, that it is entirely proper for the jury in their deliberation to consider that fact, along with the other circumstances in the case, and it is for you to consider in this case, where the burden is upon the defendant to produce testimony reasonably explaining his possession of this property, providing you find that it was stolen and in his possession recently thereafter." This instruction is the subject of the fourteenth assignment of error. The mere mention of the defendant's failure to take advantage of his right to testify does not constitute error, but to justify reversal the reference thereto must be "adverse": Com. v. Thomas, 275 Pa. 137. We are of opinion that the reference here was "adverse." The instruction was directly the opposite of that complained of in Com. v. Thomas, supra, in which the trial judge stated that no presumption could arise from the fact that defendant did not take the stand and that his failure to do so must not be considered as any evidence of guilt. That was the instruction to which this defendant was entitled in answer to the request of his counsel.

But the jury were told that they had the right to consider, in determining the question of guilt or innocence, the fact that defendant did not take the stand. Surely this was treating his failure to take the stand as creating a presumption against him. The declaration in the act that neglect or refusal of one on trial to offer himself as a witness shall not "be treated as creating any presumption against him" means that no inference of fact shall be drawn against the defendant on account of such neglect or refusal. In Com. v. Foley, 24 Pa. Superior Ct., 414, where the district attorney remarked, "you have this woman here without denial," Judge ORLADY truly said: "In spite of all the reasoning and refining which may be urged, there was but one deduction to be drawn from the remark as made under the circumstances, namely, that the refusal of the defendant to testify in her own behalf was significant of her guilt and tended to prejudice the jury against her defense." In the case at bar the only evidence against the accused was his possession of the automobile alleged to have been recently stolen, and the instruction complained of could have conveyed but one idea to the jury and that was that his failure to take the stand might be considered evidence of guilt. We are constrained to hold that the learned trial judge fell into reversible error in the instruction to the jury as to the effect of this act of assembly. The fourteenth assignment of error is sustained.

As this case must be sent back for retrial, we deem it our duty to state that, while the charge of the learned trial judge did not amount to a binding instruction that guilt results as a matter of law from an unexplained possession of recently stolen property, we think that the repeated statement that the burden was upon defendant to produce testimony reasonably explaining his possession, was likely to confuse the jury on the question of the burden of proof of guilt, which never shifts. Indeed, the request of the jury for instruction on that point justifies our opinion. The use of the word "burden" in referring

to a defendant's position when the Commonwealth has made out a prima facie case is not to be recommended. It is only where the defendant sets up an affirmative defense, such as insanity, that the burden shifts to him and it becomes necessary for him to establish his defense by a preponderance of the evidence: Com. v. Chester, 77 Pa. Superior Ct. 388; Com. v. Deitrick, 218 Pa. 36.

The judgment is reversed and a new trial awarded.