Commonwealth *v.* Kaufman, Appellant.

248

Argued March 28, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*John M. Wolford,* for appellant.

*Herbert J. Johnson, Jr.,* Assistant District Attorney, with him *Damian McLaughlin,* District Attorney, for appellee.

OPINION BY HIRT, J., August 8, 1955:

Defendant was convicted with two others on the charge of conspiracy to commit larceny. The accomplices had pleaded guilty to the charge. On a second

indictment defendant was found guilty of receiving stolen goods. He was sentenced on both convictions. These are appeals from the refusal of his motion for a new trial and in arrest of judgment.

By the verdicts these facts, on undisputed testimony, must be taken as established. Defendant is a junk dealer. Louis Marx Company, a manufacturer of toys, maintains a large storage warehouse in Erie. Both Rudolph Colonna and Joseph Orsini, Kaufman's codefendants in the conspiracy case, were employed there. They clandestinely removed 110 bags of new plastic molding powder from their employer's stock and concealed it on the premises. The bags weighed 50 pounds each. By arrangement with the defendant they later delivered all of this material to a garage designated by him. They were to be paid for the material by the defendant and they understood that they were to receive about $400 for the lot, worth in all more than $2,000. The defendant when arrested gave one of the officers a key to the garage where the material had been delivered to him by Colonna and Orsini. The evidence clearly established that the material was stolen from the Marx Company and that it was received by the defendant with knowledge that it was recently stolen property. On this phase of the trial of the defendant for receiving stolen goods, the court charged the jury that "if you believe Colonna and Orsini that they stole these 110 bags or any portion of them from the Marx Company, and if you believe that they delivered them into the possession of Ben Kaufman, and if you believe they were put there and came into his possession, then there is a duty upon the defendant to come forth and show that the possession was in a legal manner and not in the nature of a criminal manner, because there is a theory or rule of law that a person in possession of recently stolen property

250

must explain that possession. If it is once shown that the property that was stolen was in his possession then he must give a reasonable explanation as to how it came into his possession to exculpate himself. That is not incumbent upon him until you decide two elements, first, whether it was stolen, and second, whether he actually got possession. You must be satisfied beyond a reasonable doubt that the goods were actually stolen, must believe beyond a reasonable doubt that the goods came into the possession of Ben Kaufman, and if satisfied of that then you can consider the absence of explanation as to why he got them and any manner by which he might exculpate himself from responsibility." And in response to defendant's objection to the above charge "as to the burden of proof" the court further instructed the jury in this language: "Members of the jury, we have told you that the burden of proof is upon the Commonwealth to prove all the elements beyond a reasonable doubt and that responsibility stays with them. The explanation as to recently acquired stolen property being on the defendant does not change the overall burden of proof but is to be considered in connection with that burden of proof." Defendant excepted specifically to the above portions of the charge.

The defendant did not take the stand nor did he offer any evidence as to how he came by the material. We nevertheless are unable to agree that there is error in the charge of the court as to the "duty upon the defendant to come forth and show" that his possession was lawful.

In Commonwealth v. Newman, 276 Pa. 534, 539, 120 A. 474, the trial court in charging the jury said: " 'Where property has been stolen and is speedily found in the possession of some one, the law puts upon him the burden of its explanation. Otherwise, he is deemed

to have been the thief . . . whenever one is found in the possession of property which has recently been stolen, there rests upon him the *burden* of explanation. Otherwise, he is presumed *by the law* to have stolen the property . . .' " (Emphasis added). Although this language on appeal was not approved (and it was much more open to criticism than the language of the charge in the instant case), the instructions were held not to be reversible error under the circumstances. The "guiding rule" was thus stated in the *Newman* case: "The possession of recently stolen property by a person is evidence from which it can be found he is the thief, but the presumption is one of fact, not of law, and the jurors must pass on it as part of the evidence against the accused." We, with some variation in language have applied the rule. E.g., in *Commonwealth v. Lindie et al.*, 147 Pa. Superior Ct. 335, 339, 24 A. 2d 39, we said: "It is well settled that where a person is found in possession of recently stolen property the burden of accounting for such possession rests upon him, and there is a presumption of guilt which will justify conviction if he does not meet it by a reasonable explanation, and it is a question for the jury to decide whether or not the defendant meets such burden." Cf. *Commonwealth v. Dock*, 146 Pa. Superior Ct. 16, 21 A. 2d 429; *Commonwealth v. Pollack*, 174 Pa. Superior Ct. 621, 101 A. 2d 140. Evidence of the possession of things in itself may be evidence against the possessor charged with crime. *Commonwealth v. Fusci*, 153 Pa. Superior Ct. 617, 35 A. 2d 93. Possession of goods recently stolen in the perpetration of a robbery or burglary is evidence of guilt on charges of not only larceny but of both robbery and burglary as well. *Commonwealth v. Lehman*, 166 Pa. 181, 185, 70 A. 2d 404; *Commonwealth v. Lindie et al.*, supra. Recent possession of a gun which was taken from the dead

man was evidence that the possessor was the murderer. *Commonwealth v. Parker,* 294 Pa. 144, 150, 143 A. 904. As applied to the present case, we have specifically held that where the single charge is receiving stolen goods, unexplained possession in the defendant, of property recently stolen, may be evidence of guilt of felonious receiving. *Commonwealth v. Joyce,* 159 Pa. Superior Ct. 45, 46 A. 2d 529. (Allocatur refused).

To say that there is a "duty" on one to justify his possession of recently stolen property, if he would avoid the inference of guilt from such possession, is essentially no different from saying that the "burden" of explanation is on the possessor or that a "presumption" of the fact of guilt arises from such unexplained possession. In strictness the use of any of the above terms may be open to some criticism (*Commonwealth v. Viscuso,* 82 Pa. Superior Ct. 403, 406) but in none of the cases has our appellate courts construed their use, without more, as adverse comment on the failure of a defendant to take the stand in his own behalf. Explanation of possession may be made by documentary evidence or by the testimony of other witnesses. Honest possession acquired by sale, gift, or in any other way, ordinarily is susceptible of easy proof. And to place some duty or burden on a defendant to justify his possession does not mean that the jury may infer that he is guilty if he himself does not do the explaining. Reference by the court to the burden on the defendant did not amount to adverse comment on his failure to take the stand.

On the trial for receiving stolen goods appellant contends there is error in the refusal of defendant's first point for charge, thus appearing in the record: "(1) As jurors in this Commonwealth you must try the defendant on the evidence received in this case, and the evidence alone. The defendant has a right estab-

lished by the Constitutions of the Commonwealth of Pennsylvania and the United States of America to rest his case at the close of the proof by the Commonwealth and you are not to speculate or conjure what his testimony might have been. You are further instructed that in no way are you to interpret or construe the exercise of this right as an admission of guilt or an inability to be able to present a defense."

In general in a criminal case the language of defendant's first point would call for an affirmance. But not so here because of what defendant's counsel said in speaking for him. This statement of the court in the present record stands unchallenged: "When the defendant [defendant's counsel] addressed the jury, in final summation, he stated that his client, Ben Kaufman, did not take the stand because he did not feel it necessary; he felt that the Commonwealth had not produced sufficient evidence · from which a conviction might be had." This explanation made by defendant's counsel before the jury was as much the statement of the defendant himself as though made by him. Its purpose obviously was to nullify the charge of the court which imposed a "duty" on the defendant to show lawful possession if he would avoid the inference of guilt arising from the delivery of recently stolen property to him. Under §10 of the Act of May 23, 1887, P. L. 158, 19 PS §631, a defendant need not testify when on trial for crime and his failure to do so may not be "adversely referred to by the court or counsel during the trial." Defendant was not content to stand on the statute, nor under the explanation advanced by his counsel did he fail to testify in his own behalf in the exercise of a constitutional right. A defendant may always rely on his constitutional privilege of not taking the stand and may comment to the jury on the existence of the privilege. But when the present de-

fendant through his counsel affirmatively offered the above explanation (in effect testifying although beyond the record) he in legal effect waived the above statute and put himself outside the protection afforded by it. *Commonwealth v. Wilhelm,* 90 Pa. Superior Ct. 473. Accordingly the trial judge properly refused the point; in our opinion he had no alternative in the interest of justice.

When police officer Wizikowski was called as a witness the district attorney in support of the question: "Was any accusation made of him in regard to the taking of the plastic?" stated *at side bar* "The purpose of this statement is to show that the defendant was accused by the police officer, the present witness, of engaging in the removal of plastic from the Marx Company, and he did not deny it." The offer was not lived up to. This witness testified that when defendant was confronted with the incriminating statements of his two alleged accomplices he said: "that he had nothing to say until he had seen his lawyer." The defendant did not object nor move to strike this testimony, withdraw a juror or take any other defensive step. The incident was a mere passing matter which could have no possible effect upon the jury or outcome of the case. The testimony was admissible because it constituted a part of the whole of the interview which the officer had with the defendant. The jury did not hear the offer at side bar and the jury was never told that the defendant's failure to deny, under the circumstances, could be considered as evidence of guilt. The principle of *Commonwealth v. Vallone,* 347 Pa. 419, 32 A. 2d 889 was not involved. There is evidence that defendant in conversation with another police officer similarly said: "He couldn't tell us anything until he talked with his attorney." This statement also was admissible as part of the whole conversation and was

not objectionable for the reason that it was not received in evidence as an admission of guilt. On further questioning this second police officer testified that defendant *did* "deny having anything to do with taking any plastic." This evidence of course was in defendant's favor.

The judgments of sentence are affirmed and it is ordered that defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentences or any part of them that had not been performed at the time the order of supersedeas was entered.