## Commonwealth v. Williams, Appellant.

Argued October 6, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Harry R. Back,* for appellant.

*William T. Gennetti,* Assistant District Attorney, with him *Victor Wright,* Assistant District Attorney, *Vincent G. Panati,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION PER CURIAM, November 16, 1955:

Appellant was charged with burglary and larceny. He waived a jury trial and was tried by a judge without a jury. Having been found guilty, he was sen-

tenced by the Court of Quarter Sessions of Philadelphia County to the Eastern State Penitentiary for a term of not less than two and one-half years nor more than five years.

Appellant's automobile was seen in the vicinity of the burglarized premises shortly before two o'clock on the morning of March 1, 1955. Upon pursuit by the police, it was abandoned by the occupant and taken over by the police.

A safe containing $300 to $400 in cash had been taken from the premises. The loss was discovered within an hour thereafter. Appellant was arrested at his home about eleven o'clock the same morning. He denied that he participated in the burglary, and testified that his automobile had been stolen the previous night, and that he had reported the theft. There was testimony indicating that he was driving the automobile which was pursued and abandoned.

Assuming that the evidence presented was sufficient to establish the identity of appellant as the driver of the automobile leaving the vicinity of the burglarized premises, we think the evidence was insufficient to establish, beyond a reasonable doubt, his connection with the burglary.

The safe, unopened, was recovered. It was not shown how, when, or where it was recovered; nor was it proved that appellant had any connection with it. Under the circumstances, if it were shown that appellant had possession of the safe recently stolen in the perpetration of the burglary, this could be considered by the finder of fact as evidence of guilt on the charges of both larceny and burglary. *Com. v. Kaufman,* 179 Pa. Superior Ct. 247, 116 A. 2d 316.

Judgment of sentence is reversed, and a new trial is granted.