Commonwealth *v.* Kriner, Appellant.

Argued March 17, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Leonard J. Gajewski,* for appellant.

*Grant E. Wesner,* Assistant District Attorney, with him *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 11, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

The defendant-appellant, George B. Kriner, on September 19, 1968, was found guilty by a jury of the crimes of burglary and larceny. At the trial the Commonwealth proved that the defendant on February 17, 1968, had possession of goods which had been stolen

between February 17 and February 24, 1968, and proved no other facts which would have connected the defendant with the crimes charged. It relied on the rule of law which is well established in Pennsylvania, as reiterated by Mr. Justice EAGEN, speaking for the Supreme Court of Pennsylvania, in *Commonwealth ex rel. Chatary v. Nailon,* 416 Pa. 280, 283, 206 A. 2d 43, 45 (1965), "It is equally well established that unexplained possession in the defendant of property recently stolen is evidence that he is the thief. Also, if the larceny was committed in the perpetration of breaking and entering, such possession is evidence of guilt of the charge of statutory burglary. Also, if the indictment charges receiving stolen goods only, the unexplained possession is evidence of guilt of that crime."

The principle that the jury may draw an inference of guilt of burglary and larceny from the possession of goods proved to be stolen recently is well established in Pennsylvania and, therefore, I believe that the appellant's motion for arrest of judgment on that ground should be denied. However, I am of the opinion that his motion for a new trial should be granted because of prejudicial error in that portion of the charge to the jury which I have emphasized as follows: "There is another principle of law. It is well recognized and it is the law under our constitution that no defendant is required to take the stand in his own behalf, and if he chooses to avail himself of his privilege of not testifying, the jury may make no intendment of guilt against the defendant because he chooses to avail himself of that privilege. *In this case that principle is somewhat complicated as far as understanding it by a principle of law likewise that where a person is found in possession of recently stolen property, the burden of accounting for such possession rests upon him. And the jury may make a presumption of fact*—not of law— or an inference of fact I should say, *that a defendant*

*who is found in possession of recently stolen property is the thief unless such possession of recently stolen property is explained. And it is a question for the jury to decide whether or not the defendant meets such burden of factual explanation. . . .* That is the Commonwealth's principal, in fact, sole, contention here: that by reason of the fact that some of the articles stolen from the Berkheimer home were in the defendant's possession when he appeared at the Crooks Antique Shop, *and that such possession has not been explained . . ."*

When our Court last reviewed this question in *Commonwealth v. Kaufman,* 179 Pa. Superior Ct. 247, 116 A. 2d 316, 318 (1955), we unanimously approved language in a charge which stated that, if the jury believed that the defendant came into possession of recently stolen property, then "there is a duty upon the defendant to come forth and show that the possession was in a legal manner and not in the nature of a criminal manner . . ." However, I believe that we should specifically overrule *Commonwealth v. Kaufman,* supra, and grant this defendant a new trial for the reasons that the subject charge violates the principle that the burden of proof is always on the Commonwealth and never shifts to the defendant and it also violates the principle that the defendant's failure to take the stand must never be commented on so as to permit the jury to draw therefrom an inference unfavorable to the defendant.

Therefore, I respectfully dissent.

HOFFMAN and CERCONE, JJ., join in this dissenting opinion.