## Silver *v.* Miller, Appellant.

Argued March 16, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*George R. Johnson,* for appellant.

*Herbert Fineman,* with him *Paul R. Sand,* for appellee.

OPINION BY FLOOD, J., June 11, 1964:

The defendant appeals from the refusal of a new trial after a verdict for the plaintiff. Apart from the refusal of certain points for charge, as to which we find no error, the basis of the defendant's complaint is the trial judge's refusal to receive certain additional evidence after the testimony was closed and the closing arguments made, but before the charge. The court held that the offer was made too late.

The suit was for certain sums due the plaintiff for painting two houses, owned by the defendant, under an oral contract with Brynwyd, Inc. The parties stipulated the amount due to plaintiff for his work, the only question being whether the defendant was engaged in a joint venture with Brynwyd, Inc., in the construction of these houses so as to make him liable to the plaintiff on the contract.

The defendant sought to introduce the additional evidence to prove that a part of the sum for which the plaintiff was suing had been paid. The defendant's counsel stated that his client called him at 11 P.M. on the evening after the closing speeches and told him that he had located Brynwyd's accountant who told him he had information indicating such payment.

The court below held that this offer came too late. We cannot say that it was in error. The amount due had not previously been questioned. The complaint was filed on June 8, 1960. The defendant's pretrial deposition was taken in May 1961, and in October 1961 depositions were filed on his behalf but there was no question raised in any of these depositions as to the fact that the plaintiff had not been paid. On November 16, 1961, at the pretrial conference, the parties stipulated that the plaintiff had not been paid. At the arbitrators' hearing nonpayment was still not questioned. The arbitrators' award was appealed and at the ensuing jury trial the pretrial stipulation was

placed in evidence without objection from the defendant. It was not until the court was about to charge on October 23, 1962, that the matter of payment was raised.

The offer was made in chambers and the defendant did not make it part of the record. There is nothing on the record, therefore, to justify a reversal. All that we can consider in disposing of the matter is the statement in the opinion of the court below that the "defendant requested leave to present additional evidence showing that plaintiff had received part of the amount claimed in the suit".

Even if the record showed the offer to be what defendant's counsel states, it does not establish that the court below abused its discretion in refusing to receive it after the long delay and its sudden discovery only "as the clock approached the midnight hour".

The plaintiff's failure to produce his books at the trial, though strongly stressed by the defendant's counsel, is not necessarily suspicious in view of the defendant's admission of the amount due. Moreover, if we are to go beyond the record to consider defendant's counsel's report of what happened, we should perhaps also pay regard to his opponent's statement that the defendant said he would drag this case through the courts until the plaintiff tires of it.

However, confining ourselves to the record, we find no abuse of discretion in the court's refusal to grant a new trial. "The admission or exclusion of additional evidence after the evidence is closed is a matter within the discretion of the trial court and such action will not be reversed unless there has been a very plain abuse of discretion." *Sheinman Brothers v. Hovland,* 78 Pa. Superior Ct. 479, 485 (1922). See also *Braddock Township Appeal,* 148 Pa. Superior Ct. 52, 24 A. 2d 705 (1942). There was no such plain abuse here.

Order affirmed.