Commonwealth *v.* Kohne, Appellant.

Argued June 8, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Charles J. Duffy, Jr.,* with him *James A. Ashton,* for appellant.

*Louis Abromson,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., September 17, 1964:

The appellant, William P. Kohne, and Albert Zeid were charged with armed robbery, assault with intent to kill, and violation of the Uniform Firearms Act. The

jury found both defendants not guilty of armed robbery and assault with intent to kill and returned a verdict of guilty as to William P. Kohne, the appellant, on the charge of violation of the Uniform Firearms Act. After overruling motions in arrest of judgment and for a new trial, sentence was imposed upon the appellant, William P. Kohne.

The evidence introduced by the Commonwealth was to the effect that at approximately 5:30 a.m. on January 6, 1963, two men entered the rear door of a saloon located in the Hill District of the City of Pittsburgh. Both of the men wore masks and one of them had a revolver in his hands. The owner of the cafe, Parker, opened the door in answer to the knock of a girl whom he had previously arranged to meet at this place. After Parker saw the men and after the demand had been made for money, he drew a gun and thereafter a battle ensued between Parker and the two men. Parker was unable to identify the two men by reason of the fact that they wore masks. Within 45 minutes after the shooting Zeid and Kohne appeared at the Citizens General Hospital in New Kensington, Westmoreland County. Zeid was seriously injured. Kohne was shot in the thigh. At the hospital a bullet fell from the clothing worn by Zeid and a ballistic expert testified that it had been fired from the gun used by Parker. At the conclusion of the Commonwealth's evidence the trial judge overruled demurrers interposed by both defendants.

The appellant, Kohne, now argues that his motion in arrest of judgment on the charge of violation of the Uniform Firearms Act should have been sustained for the reason that the Commonwealth's evidence failed to sufficiently identify him as having a gun in his possession at the time the shooting occurred. After the overruling of the demurrers Zeid did not take the stand but Kohne, the appellant, did. He admitted in his tes-

timony that when he left his home that evening he took with him a loaded Luger pistol and that he did not have any permit to carry it. He also admitted that he carried it in the pocket of his topcoat and he further admitted that he threw the gun in the river from a bridge, knowing that there would be trouble when he reported the shooting to the police.

Counsel for the appellant, Kohne, frankly admits in his brief that "there is a long line of cases in both the Superior and the Supreme Court" which hold that when an appeal follows a judgment of sentence and the ruling on the demurrer is questioned, the defendant will be discharged only if all the evidence in the case, including that introduced after the entry of the demurrer, is insufficient to support the jury's verdict. For this general proposition, see *Com. v. Marino*, 142 Pa. Superior Ct. 327, 16 A. 2d 314; *Com. v. Gomori*, 192 Pa. Superior Ct. 325, 161 A. 2d 649; *Com. v. Reilly*, 200 Pa. Superior Ct. 461, 190 A. 2d 164; *Com. v. Wheeler*, 200 Pa. Superior Ct. 284, 189 A. 2d 291. He argues, however, that the present case should be distinguished from the above cases because there was no evidence presented by the Commonwealth prior to the demurrer to incriminate Kohne. We cannot agree with this conclusion. The Commonwealth did produce evidence to show that an armed robbery had been attempted by two men in a saloon in the Hill District of Pittsburgh; that a gun battle ensued between the victim and the two men; that 45 minutes later the appellant, Kohne, and Zeid appeared at a hospital in New Kensington, Westmoreland County, both men having been injured; that a bullet fell from the clothing worn by Zeid which was identified by a ballistic expert as having been fired from a gun used by the victim, Parker. This evidence, although circumstantial, was sufficient to submit the charges of armed robbery and assault with intent to kill to the jury and the demurrers were properly overruled.

Appellant Kohne then elected to take the stand and in his testimony he made the admission which was sufficient to convict him of the charge of violation of the Uniform Firearms Act. His attorney now argues that he was forced to incriminate himself because he had to take the stand in order to present evidence which resulted in an acquittal on the two serious felony charges of armed robbery and assault with intent to kill. The appellant, Kohne, was not forced to take the stand but he elected to do so. Had he not elected to do so, he might very well have been found guilty on the two felony charges. He undoubtedly was advised by his counsel to take the stand. Since he elected to take the stand and testified that he had possession of a gun without a permit, he himself admitted the crime of which he was found guilty. He cannot now be heard to complain of the result.

Judgment of sentence is affirmed and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.