## Commonwealth v. Yoblick

*O. Warren Higgins*, Assistant District Attorney, for Commonwealth.

*Arnold E. Rubin*, for defendant.

DEFURIA, J., January 26, 1970.—Defendant elected to be tried without a jury on the charge of larceny of an automobile. He was adjudged guilty, after trial, by deFuria, J. His motions in arrest of judgment and for new trial are now before the court.

At the conclusion of the Commonwealth's case, defendant entered a demurrer, which was refused, as

was his motion for a directed verdict of not guilty. Defendant did not call witnesses in his behalf or testify himself.

He raises two issues in his post-trial motions. First, that the passage of two weeks from the time of the theft to the date of possession took the automobile out of the category of "recently" stolen property; therefore, the inference of guilt from the possession of recently stolen goods could not operate. Second, that the Commonwealth relied upon the inference to prove its case, and the trial judge, sitting as a jury, acted upon such inference to reach his verdict of guilty. Defendant maintains that the use of the inference is a constitutional invasion of his right to refuse to take the stand.

Defendant's latter point is novel, but without merit. Defendant misconceives the nature of an inference arising from admissible and probative evidence. He also confuses the constitutional right to remain silent with the option to decline taking the stand in his own defense, or producing witnesses on his behalf.

Defendant maintains that the trial judge's finding of guilt was based upon the *presumption* arising from possession. Defendant cites Payne v. State, 435 P. 2d 424 (Okla. Cr. App.), which struck down a statutory presumption of guilt arising from the possession of recently stolen property. The Oklahoma court cited United States v. Romano, 382 U.S. 136, which reversed a similar conviction based upon a Federal statute. Finally, defendant offers a recent Nevada case, Carter v. State, 82 Nev. 246, 415 P. 2d 325, relying upon United States v. Gainey, 380 U. S. 63, to the same effect, i.e., that a statutory presumption of guilt so arising is violative of the fifth and fourteenth amendments (due process and self-incrimination).

In the Oklahoma case, the statute created a legal presumption of animus furandi from the mere posses-

sion of stolen goods. The jury had no discretion to weigh the evidence. The weight was created by law; the statute provided that the receiver "shall be presumed to have bought or received such property knowing it to have been . . . stolen. . ."

It is obvious from human experience that *ordinarily* the possessor of stolen goods received them (or took them himself) knowing of their illicit character. But this is not so in every case. The Oklahoma statute gave a probative value to possession beyond its experiential and logical value.

The legislature then compounded its error by adding, "This presumption may however be rebutted by proof," which can only mean that the burden shifted to defendant. Thus, defendant was met with artificially created proof of guilt which he was forced to rebut by taking the stand in his own defense.

The Nevada and Federal cases dealt with similar statutes creating presumptions of law, and placing the burden of rebuttal on defendant.

In Pennsylvania, the rule is decisional. It is true that the cases contain loose language. Some courts use the word "presumption", talk of "rebuttal evidence" and "reasonable explanation of possession" as a burden of the defendant.

However, the correct rule is that the possession of recently stolen goods is sufficient to support the inference that the possessor is the thief, Commonwealth v. Chester, 77 Pa. Superior Ct. 388 (1921); Commonwealth v. Patrick, 36 Erie 180, affirmed 174 Pa. Superior Ct. 593, 101 A. 2d 139 (1953); Commonwealth ex rel. Chatary v. Nailon, 416 Pa. 280, 206 A. 2d 43 (1965). "Possession of recently stolen property is evidence that the possessor is the thief but it does not raise a legal presumption of guilt and no burden is shifted to the defendant to account for his

possession, at his peril. The burden of proof remains upon the Commonwealth. . .": Commonwealth v. Dock, 146 Pa. Superior Ct. 16, 21 A. 2d 429 (1941). It is for the jury alone to say whether the guilt of defendant is a reasonable inference of fact fairly deducible from his possession of recently stolen property in light of all the circumstances: Commonwealth v. Gomori, 192 Pa. Superior Ct. 325, 161 A. 2d 649 (1960).

The cases often mention that "unexplained possession is evidence" of theft, and that it is for the jury to consider all the circumstances "including the reasonableness of [defendant's] explanation, if any, as to how he came into possession": Commonwealth v. Gomori, supra; Commonwealth ex rel. Chatary v. Nailon, supra. However, these expressions do not shift the burden of proof, nor require defendant to go forward. If the possession is unexplained, then the Commonwealth's burden has been met. "Unexplained" merely means that possession by defendant has been shown, and this showing alone, and of itself, is sufficient. The probative value is still for the jury. If defendant elects to offer an explanation, then, again, the total evidence must be weighed by the jury.

A true presumption is a priori; it assumes without proof. An inference, however, cannot arise unless it is based upon a fact already disclosed; it is a posteriori. It is a conclusion drawn from data. See Oxford Universal Dictionary, 1955.

The terms are imprecisely used, with widely varying to synonymous meanings. See 2 Henry Pa. Evid., 4th Ed., 73-5, where both terms are called presumptions, but are distinguished by their weight and effect. Presumptions in law are either conclusive or shift the burden of proof. Presumptions of fact, commonly known as inferences, are not as strong. They

give the trier of fact additional material to weigh in the consideration of the verdict, and they "derive their force solely from logic and probability and are within the exclusive province of the jury."

In law, "An inference is not a presumption nor has it the evidential effect of a presumption. . . A presumption is not evidence, but a rule concerning evidence. It places on the adverse party the duty of going forward with the evidence": Gaudreau v. Eclipse, 137 N.J.L. 666, 61 A. 2d 227. "As used in criminal law, a 'presumption' is a rule of law attaching definite probative value to a specific fact, as distinguished from an 'inference,' which is a permissive conclusion by a trier of the fact, unaided by any rule or theory of law directly applied": People v. Hildebrandt, 308 N.Y. 397.

Where an artificial probative value is created, and defendant forced to answer, due process is violated. Defendant incorrectly claims that the Pennsylvania rule in effect shifts the burden to defendant and forces him to offer an explanation. Defendant has a constitutional right to remain silent and not to incriminate himself.

In Pennsylvania, a defendant is not forced to take the stand himself or offer witnesses to rebut the adverse inference arising from evidence produced by the Commonwealth. He may elect to stand on the strength or weakness of the case against him, at his peril. But this situation obtains in any trial. Where the evidence is sufficient and for the jury, defendant is entirely free to decide whether to answer or not. If he faces an inference against him legitimately arising from proved facts, he cannot complain.

Defendant's real complaint here is that adverse evidence forces him to make an election. One result of this election may be his appearance on the stand. But it is the probative value of the evidence which forces

him to elect, not an arbitrary legal weight or rule. By choosing to remain silent, a defendant cannot escape the probative force of the natural and reasonable inferences deducible from the fact that he was found in possession of recently stolen property.

The briefs of the parties indicate that no Pennsylvania court has dealt with this issue. We note that many inferences arise concerning criminal intent. Stabbing or shooting at a vital organ, the concealed possession of a deadly weapon and flight are instances.

In Commonwealth v. Kohne, 204 Pa. Superior Ct. 78, 203 A. 2d 401 (1964), Judge Ervin, later President Judge, dealt with the precise issue raised here. Kohne was charged with burglary, robbery and violation of the Firearms Act. The Uniform Firearms Act provided that proof that defendant was armed with an unlicensed firearm shall be evidence of his intention to commit the crime of violence with which he was charged.

Defendant elected to take the stand and make an admission sufficient to convict him of violation of the Firearms Act. He then claimed that he had been forced to incriminate himself because he had to take the stand in order to present rebuttal evidence. The Superior Court held that defendant, under these circumstances, was not forced to take the stand. The Supreme Court refused allocatur.

The Kohne case dealt with a statutorily created inference, but one based upon common knowledge, logic and probability. The final weight was still for the jury, and no burden shifted to defendant.

Defendant does not seriously contend that two weeks is too long a time for the goods to have been *recently* stolen goods. Whether the interval between the larceny and its possession by defendant is sufficiently short to be considered recent depends upon

the character of the property and the circumstances of the particular case: Commonwealth v. Dock, supra.

Stolen motor vehicles are often concealed for a period before being moved or used again; they are generally transported to another locale. Often, some attempt to procure false evidence of ownership (fraudulent registration cards) is made. All of these circumstances appear here.

In considering motions in arrest and for new trial, the court must accept as correct testimony submitted by the Commonwealth as well as the reasonable inferences arising therefrom: Commonwealth v. Jackson, 187 Pa. Superior Ct. 2 (1958).

### ORDER

And now, January 26, 1970, after argument before the court en banc, defendant's motions in arrest of judgment and for new trial are refused, denied and dismissed.

Defendant shall present himself for sentence on Friday, January 13, 1970, at 10 o'clock a.m. in Court Room No. 1.