Commonwealth *v.* Fuchs, Appellant.

Submitted November 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Russell J. Heiple,* for appellant.

*W. Thomas Malcolm,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from the order of the Court of Common Pleas, Criminal Division, of Indiana County, dismissing exceptions to the magistrate's return pursuant to certiorari.

The appellant, Jerome L. Fuchs, was charged with speeding in a summary proceeding before a magistrate. The rate of speed had been determined by radar. At the hearing, the Commonwealth's witnesses produced evidence establishing the rate of speed that the appellant was travelling, the location of the offense and the accuracy of the radar. The appellant cross-examined and then objected on the ground that the Commonwealth had failed to establish the charge since no evidence as to what the speed limit was or as to the posting of official warning signs had been introduced. There is nothing in the transcript to show that the Commonwealth rested. The magistrate overruled the objection and permitted the Commonwealth to present the necessary testimony. The appellant then put in his defense that his excess speed was the result of a defective speedometer but had no legal evidence to establish that fact. Under these circumstances, the court below properly dismissed the exceptions.

However, it is argued by the appellant that the objections set forth in the transcript were tantamount to a demurrer. This would only be true if the Commonwealth had rested, and even if we so interpret the transcript, the magistrate had the discretion to permit the Commonwealth to reopen its case for the purpose of offering additional testimony. *Commonwealth v. Beloff,* 166 Pa. Superior Ct. 286, 70 A. 2d 689 (1950). It should be noted that the appellant proceeded to introduce a defense. We have held that when an appeal follows a judgment of sentence and the ruling on the demurrer is questioned, the defendant will be discharged only if all evidence in the case, including that introduced as a defense, after the entry of the demurrer is insufficient to support the jury verdict. *Commonwealth v. Kohne,* 204 Pa. Superior Ct. 78, 203 A. 2d 401 (1964).

Order affirmed.