385 A.2d 397

**Kathryn WARREN and Lucille S. Warren, Appellants,**

v.

**MOSITES CONSTRUCTION COMPANY.**

Superior Court of Pennsylvania.

Argued March 24, 1977.

Decided April 13, 1978.

James L. Jubelirer, State College, for appellants.

Richard L. Campbell and Miller, Kistler, Campbell, Mitinger & Beik, State College, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On the evening of November 15, 1972, a small sports car driven by Miss Kathryn Warren, appellant, collided with a truck operated by Mr. Melvin Frank at the intersection of Atherton Street and College Avenue in State College, Pennsylvania. At the time of the ˙accident, Mr. Frank was traveling northward on Atherton Street; Miss Warren was attempting to make a left-hand turn from College Avenue onto Atherton when her car was struck on the left side by Mr. Frank's vehicle. The door on the driver's side of Miss Warren's car was hit and the glass in the window shattered, cutting Miss Warren's eyelid as well as the general area surrounding her eye.

Near the intersection, Mosites Construction Company, the defendant-appellee, was performing repair work under a public contract. On the construction site were four mounds of topsoil, approximately three to three and one-half feet in

height standing on the left-hand side of College Avenue, adjacent to the roadway. Miss Warren alleged that the mounds of dirt obstructed her view of northbound traffic approaching the intersection, though there was some testimony from another witness to the effect that the rooftops and headlights of approaching vehicles could be seen even from a small car such as Miss Warren's.

Miss Warren and her mother, Mrs. Lucille S. Warren, owner of the vehicle involved in the accident, filed suit against Mosites Construction Company. Miss Warren sued for personal injuries and her mother sought recovery for damages to her automobile. Mosites Construction Company (Mosites) joined Mr. Frank, the driver of the other car, as an additional defendant, and Mr. Frank in turn joined Miss Warren as a second additional defendant as to Mrs. Warren's claim for property damage.

At trial, Mr. Terry Perryman, Mosites' job foreman, was allowed by the trial court, over objection, to testify that a state inspector saw the mounds of earth and was satisfied with the work. Mr. Perryman further testified, over objection, that the warning device set up by Mosites satisfied the Pennsylvania Department of Transportation regulations as found in the "blue book."

After Mr. Perryman's testimony was completed, counsel for Mr. Frank, the driver of the other car, moved for a compulsory non-suit in his client's behalf because there was no evidence of negligence on Mr. Frank's part. This motion was granted. Miss Kathryn Warren was also released as second additional defendant since she was only made a defendant to indemnify Mr. Frank. Mosites Construction Company then moved to re-open its case to call Mr. Frank as an additional witness on the issue of its liability. The motion was granted over objection. Subsequently, the jury returned a verdict against Mosites in favor of Mrs. Lucille Warren for $596.00, the fair market value of her car immediately before the accident. However, the jury did not find in favor of Miss Kathryn Warren and did not award her damages. Both Mrs. Warren and Miss Warren appeal from this verdict.

There are three points of error raised by appellants in this appeal: the trial court erred by 1) allowing the appellee Mosites to re-open its case; 2) admitting certain testimony of Mosites' witness over objection that the testimony violated the "best evidence" rule; and 3) permitting Mosites' witness to relate statements made by a state inspector over objection that the testimony was hearsay.

Regarding these alleged errors, we fail to see how Mrs. Warren was prejudiced in any way by the trial court's rulings. Where a verdict winner seeks a new trial because of alleged trial errors, that party must convince the court that his favorable verdict did not correct the errors and that the errors produced an unjust result. *King v. Holt*, 200 Pa.Super. 431, 188 A.2d 760 (1963). Mrs. Warren apparently received full compensation for the loss of her automobile, and none of the arguments raised in this appeal controvert the adequacy of this recovery. Mrs. Warren has not demonstrated to this court how she was prejudiced by the lower court's rulings. For this reason, we affirm the verdict and judgment returned for Mrs. Warren.

As to Miss Warren's appeal, her claim that the trial court erred in permitting appellee to re-open its case is unconvincing. A trial judge may, at his discretion, permit a party to re-open his case. *Commonwealth v. Deitch Co.*, 449 Pa. 88, 295 A.2d 834 (1972); *Commonwealth v. Fuchs*, 227 Pa.Super. 563, 323 A.2d 829 (1974); *Commonwealth v. Beloff*, 166 Pa.Super. 286, 70 A.2d 689 (1950). The decision of the trial judge to allow a party to re-open his case will not be reversed on appeal, except for a clear abuse of discretion. *Silver v. Miller*, 204 Pa.Super. 16, 201 A.2d 308 (1964). There is no showing in the instant case that the trial judge abused his discretion in permitting Mosites to re-open its case to present the testimony of Mr. Frank on the issue of liability. Hence, this particular argument is without merit.

Appellant also argues that the trial court erred by permitting, over objection, appellee's foreman to testify that the

precautionary measures taken by Mosites in piling the excavated topsoil satisfied Pennsylvania Department of Transportation "blue book" requirements. Appellant asserts that this particular testimony violates the "best evidence" rule.

The "best evidence" rule limits the method of proving the terms of a writing to the presentation of the original writing, where the terms of the instrument are material to the issue at hand, unless the original is shown to be unavailable through no fault of the proponent. McCormick, Evidence 560 (2d ed. 1972). The Pennsylvania courts use the "best evidence" rule when the contents of documentary evidence are at issue. *Ledford v. Pittsburgh & Lake Erie R.R. Co.*, 236 Pa.Super. 65, 345 A.2d 218 (1975). See also *Pompa v. Hojnacki*, 445 Pa. 42, 281 A.2d 886 (1971); *Brillhart v. Edison Light & Power Co.*, 368 Pa. 307, 82 A.2d 44 (1951); *Commonwealth ex rel. Park v. Joyce*, 316 Pa. 434, 175 A. 422 (1934). The best evidence rule is controlling only if the terms of a writing *must* be proved to make a case or provide a defense. McCormick, supra. Furthermore, where the testimony does not divulge the contents of the instrument, the best evidence rule does not apply. 2 Jones, Evidence § 7:5 (6th ed. 1972).

In the instant case, appellee did not attempt to prove the contents of the PennDot "blue book." Appellee's foreman merely recited the measures that had been taken by his company, Mosites, and then asserted that these precautions were in compliance with the "blue book." No reference was made to specific provisions of the "blue book." Mr. Perryman, the foreman, simply claimed that the roadway adjacent to the construction area was marked with cautionary signs as required in the "blue book." Since the "blue book" did not become material to appellee's defense since appellee did not seek to prove its contents, the best evidence rule does not apply. Furthermore, there was no attempt by plaintiffs' counsel to dispute the accuracy of the "blue book" refer-

ence.* For the foregoing reasons, we decide that the "best evidence" rule was not violated.

 Appellant finally argues that the trial court erred in permitting, over objection, the foreman's hearsay testimony that a state inspector saw the mounds of earth and was satisfied with Mosites' work. Appellee does not dispute the claim that the foreman's testimony was hearsay but, instead, contends that appellant's case was not demonstrably prejudiced by the evidence. In support of this assertion, appellee points to the fact that the jury found Mosites liable to the owner of the automobile, Mrs. Lucille Warren, though not liable to the driver of the vehicle, Miss Kathryn Warren.

 Though we conclude that hearsay testimony was erroneously admitted, this conclusion does not necessarily warrant the granting of a new trial. Error in the abstract is not an adequate reason to award a new trial. *Granowitz v. Redevelopment Auth. of City of Erie*, 432 Pa. 243, 247 A.2d 623 (1968); *Rankin v. McCurry*, 402 Pa. 494, 166 A.2d 536 (1961). Before a court will order a new trial, it must conclude that the errors at trial led to an incorrect result. *Nebel v. Mauk*, 434 Pa. 315, 253 A. 249 (1969); *Kitchen v. Borough of Grampian*, 421 Pa. 464, 219 A.2d 685 (1966). Unless there is a substantial reason therefor, a new trial should not be granted in a negligence case. *Gombar v. Schaeffer*, 202 Pa.Super. 28, 195 A.2d 527 (1963). In an appeal from a jury trial, where the moving party alleges

---

* See McCormick, Evidence 578 (2d ed. 1972); 5 Weinstein, Evidence § 1001(1)[01] (1976); Wigmore, Evidence § 1180 (Chadbourn rev. 1972). McCormick discussed the issue in the context of secondary evidence in the following manner:

"A mystical ideal of seeking 'the best evidence' or the 'original document,' as an end in itself, is no longer the goal. Consequently when an attack is made, on motion for new trial or on appeal, upon the judge's admission of secondary evidence, it seems that the reviewing tribunal, should ordinarily make inquiry of the complaining counsel, 'Does the party whom you represent actually dispute the accuracy of the evidence received as to the material terms of the writing?' If the counsel cannot assure the court that such a good faith dispute exists, it seems clear that any departure from the regulations in respect to secondary evidence must be classed as harmless error." Id. at 578. [Footnotes omitted].

reversible error he must show not only the existence of the error, but also that the jury was misled by this error to his detriment. *Anderson v. Hughes*, 417 Pa. 87, 208 A.2d 789 (1965); *Kennedy v. Balogh*, 397 Pa. 638, 156 A.2d 847 (1959); *Miller v. Montgomery*, 397 Pa. 94, 152 A.2d 757 (1959); *Richter v. Mozenter*, 356 Pa. 650, 53 A.2d 76 (1947). It is only when improperly admitted evidence may have affected a verdict that a new trial will be the correct remedy. *Verzella v. Caste Bros.*, 207 Pa.Super. 74, 215 A.2d 264 (1965).

In the instant case, appellant, Kathryn Warren, completely failed to demonstrate that she was prejudiced by the incorrectly admitted hearsay testimony. As appellee points out in its brief, the jury apparently was not swayed by the remarks of the state inspector or for that matter, by the reference to the PennDot "blue book" regulations because, despite such evidence, the jury decided against the defendant-appellee, Mosites, and in favor of the owner of the automobile, Mrs. Lucille Warren. Necessarily, the jury found Mosites guilty of negligence. It is apparent that the jury, however, also decided not to award damages to the driver of the automobile, Miss Kathryn Warren, because the jury accepted the evidence concerning Miss Warren's contributory negligence.

Since the jury concluded that Mosites was negligent and decided against Mosites on this point, Miss Warren, the appellant, was not prejudiced by the admission of the hearsay testimony. She failed to recover because the jury apparently believed that she was contributorily negligent. Accordingly, the verdict against her was not the product of inadmissible hearsay.

Judgments affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.

PRICE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.