437 A.2d 978

**Raymond R. BELL and Regis R. Bell and June Bell,
Parents of Raymond R. Bell**

v.

**The WESTERN PENNSYLVANIA HOSPITAL, Peter J. Kyne,
M.D. and Jeannette Kyllonen and Pittsburgh National
Bank, Executors.**

**Appeal of: Peter J. KYNE, M.D. at No. 330.**

**Appeal of: The WESTERN PENNSYLVANIA HOSPITAL
at No. 372.**

**Appeal of: Jeannette KYLLONEN and Pittsburgh National
Bank, Executors at No. 395.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed Nov. 30, 1981.

Petition for Allowance of Appeal Denied March 1, 1982.

John W. Jordan, IV, Pittsburgh, for Kyne, appellant at No. 330 and for appellee at Nos. 373 & 395.

John A. Tumolo, Pittsburgh, for Bell, appellees.

George M. Weis, Pittsburgh, for The Western, appellant at No. 372 and for appellee at Nos. 330 & 395.

James A. Wood, Pittsburgh, for Kyllonen, etc., appellants at No. 395 and for appellees at Nos. 330 & 372.

Before HESTER, BROSKY and VAN der VOORT, JJ.

HESTER, Judge:

Presently before the court are appellants' consolidated appeals from that part of the court's order dated April 1, 1980, wherein the Court en banc granted appellee Bell's motion for new trial.

We affirm.

The relevant facts may be summarized as follows. On November 30, 1975, appellee Raymond R. Bell fractured the distal third of the femoral shaft of his left leg in a motorcycle accident; he received emergency treatment at a different hospital, following which he was admitted to The Western Pennsylvania Hospital (approximately 15 hours after the accident) and placed under the care of appellant Kyne. The next day, Dr. Kyne performed surgery to repair the fracture (he performed an open reduction) and following surgery, issued post-operative orders which included hourly neurovascular monitoring of the left leg extremity. After observing circulatory problems, Dr. Kyne brought in Dr. Kyllonen,[1] a cardiovascular surgeon for a consultation. Later that evening at approximately 8:00 p. m., Dr. Kyne performed vascular exploration surgery. During this procedure, a clot was found in the left femoral artery (at the fracture site).

Circulation was restored to Bell's leg, but the following day (December 2, 1975), the leg became very swollen. To reduce the swelling and facilitate draining, an incision (fasciotomy) was made. Within two days, infection developed in the incision area and the exposed muscle tissue became necrotic. To counteract the infection, cultures were taken to isolate the infection and antibiotics were administered. For the next week, appellee's condition appeared to stabilize. However, on December 9, bacterial cultures identified the organism; it was therefore thought that same might respond to hyperbaric oxygen chamber treatments.

1. A Suggestion of Death was filed with this court evidencing the fact that appellant, Armas S. Kyllonen, M.D., died on July 14, 1980. Accordingly, Jeannette Kyllonen and Pittsburgh National Bank, Executors of his estate, have been substituted as parties to this action.

Although not noted in the hospital records, Dr. Kyne testified that he clinically diagnosed gas gangrene on December 4, 1975 and confirmed the condition on December 6, 1975. (R.65a).

On December 10, 1975, appellee was transferred to the Millard Fillmore Hospital in Buffalo, New York, for hyperbaric chamber treatments in an effort to arrest the clostridial infection (gas gangrene). The treatments were not successful and appellee's left leg was amputated on December 17, 1975.

Appellees Bell filed a medical malpractice action on August 15, 1977 on the theory that while a patient at the Western Pennsylvania Hospital, Bell developed the clostridial infection (gas gangrene) which was neither diagnosed nor properly treated by appellants Kyne and Kyllonen, and that Drs. Kyne and Kyllonen failed to debride the wound which permitted the infection to spread. Additionally, appellees contend that the hospital employees (particularly the nursing staff) were negligent in failing to monitor the circulation in Bell's leg on December 1, 1975, following the open reduction surgery, which failure to monitor, contributed to the necrosis of the leg tissues, and the site of dead tissue is the only place where clostridial organisms (organisms causing gas gangrene) will grow. Citing *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978), appellees contend that the inaction on the part of the hospital staff increased the risk to which appellee Bell was exposed.

As mandated, all parties were governed by the Allegheny County Local Pre-trial Procedure Rules. Rule 212 provides in relevant part:

### * I–XIII. LOCAL PRE–TRIAL PROCEDURE

* I. This Rule shall govern pre-trial, conciliation and trial of cases in this Court.

* VI. In all trespass actions, and in other forms of action to the extent this rule may be applicable;

C. Defendant, within fifteen (15) days after the time set for performance by the plaintiff under VI. A. and VI. B. hereof:

1. Shall serve upon all other parties a written statement containing:

d. *The reports of any expert whose opinion will be offered in evidence at the time of trial. Such reports shall include the findings and conclusions of the expert.* (Emphasis added)

On December 20, 1978, appellant Kyne filed his Pre-trial Statement, appended to which were the reports of two medical experts, Donald P. Zangwill, M.D. and H. Andrew Wissinger, M.D. Dr. Zangwill's report consisted of a two-page letter dated December 18, 1978. The report of Dr. Wissinger consisted of a one-paragraph letter dated August 18, 1978, which stated:

"I had the opportunity to go over the records regarding *Bell vs. Kyne.* I can see no evidence of negligence and I think that the actions of both Dr. Kyne and Dr. Kyllonen are defensible. I would be pleased to appear on their behalf."

On September 19, 1979, trial commenced before The Honorable Joseph A. Del Sole and a jury. Over appellee's objection, Dr. Wissinger was called as an expert witness and was permitted to testify; appellee objecting that Dr. Wissinger's August 18, 1978 report did not satisfy the requirements of Rule 212 set forth above. The trial court overruled appellee's objection and permitted Dr. Wissinger to testify as an expert witness.

Dr. Wissinger testified that in his professional opinion, based upon his personal handling of six cases of gas gangrene infections, Raymond R. Bell did not suffer from gas gangrene. Dr. Wissinger concluded "No gas, no gas gangrene." (R.392–393a). (It must be noted that this opinion differs from that given by appellant Kyne previously referred to).

Following Dr. Wissinger's testimony, appellee moved that same be stricken or a juror withdrawn. Appellees' motion was denied.

On September 28, 1979, the jury returned a verdict in favor of all appellants (Western Pennsylvania Hospital and Doctors Kyne and Kyllonen).

Appellees subsequently filed separate motions for judgment n. o. v. against the Western Pennsylvania Hospital, and for a new trial with respect to all appellants. These motions were argued before the Court en banc on December 17, 1979.

On April 1, 1980, the court filed an Opinion and Order granting appellees' motion for a new trial (and denying their motion for judgment n. o. v. against the hospital). It is from this order that the instant appeal has been taken.

Our scope of review from an order either granting or denying a motion for a new trial has been oft-times defined: The law is crystal clear that an order either granting or refusing to grant a new trial will not be disturbed absent a manifest abuse of discretion or an error of law. *Rusidoff v. DeBolt Transfer, Inc.*, 251 Pa.Super. 208, 380 A.2d 451 (1977); *Albert v. Alter*, 252 Pa.Super. 203, 381 A.2d 459 (1977); *Sindler v. Goldman*, 256 Pa.Super. 417, 389 A.2d 1192 (1978).

We feel that the Court en banc neither committed a manifest abuse of discretion nor an error of law when it granted appellees' motion for a new trial as to all appellants.

The Court en banc concluded, and we agree, that Dr. Wissinger's report failed to satisfy the mandates of Rule 212. We concur with the Court en banc that Wissinger's report does not in any way include his findings or conclusions as the rule requires. Simply put, "No expert report . . . no testimony."

Central to appellees' case first, was the proof of the existence of gas gangrene; appellants' treatment for which it was alleged was below the standards of acceptable medical care. The expert testimony of Dr. Wissinger, permitted in over appellees' timely objection, injected into the case the foundation issue of whether appellee Bell was in fact suffering from a clostridial infection. (In addition, appellants

argued in the alternative that the treatment they administered was within the standards of acceptable medical care).

■ We have reviewed the record and conclude that the Court en banc acted properly when it granted appellees' motion for a new trial as to all appellants (and denied its motion for judgment n. o. v. as to appellant Western Pennsylvania Hospital). At trial, the court should have enforced Local Rule 212 and barred Dr. Wissinger's testimony. By failing to do so, Bells' case was prejudiced, which prejudice may have misled the jury and affected the verdict. See *Warren v. Mosites Construction Co.*, 253 Pa.Super. 395, 385 A.2d 397 (1978); *Nebel v. Mauk*, 434 Pa. 315, 253 A.2d 249 (1979).

■ Finally, appellant, The Western Pennsylvania Hospital, argues that even if a new trial was warranted as to appellants Kyne and Kyllonen, it should not have been granted as to it. The hospital contends that since the testimony of Dr. Wissinger in no way related to appellees' claim against the hospital, a fortiori, the admitted testimony of Dr. Wissinger in no way prejudiced appellees' claim against the hospital. The hospital notes that there were two distinct theories of negligence advanced at trial—one against the individual appellants for their failure to diagnose or properly treat appellee Bell; the other against the hospital for its staff's alleged failure to monitor the neurovascular status of Bell's leg for a period of time on December 1, 1975.

However, we believe that because the central issue injected into the trial of this case by Dr. Wissinger was whether or not appellee Bell was suffering from the clostridial infection (gas gangrene), we are of the opinion that same goes centrally to the potential liability of all appellants. Accordingly, in the interest of justice, we believe that a new trial as to all appellants is appropriate.

Order affirmed.